COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04- o 9 7 7

RONALD J. POMYKALA, Individually
and on behalf of Class Members,
Plaintiff

v.

PCFS MORTGAGE RESOURCES
DIVISION OF PROVIDENT BANK and
PROVIDENT FINANCIAL GROUP, INC.
Defendants

**COMPLAINT, JURY CLAIM AND
REQUEST FOR CLASS CERTIFICATION**

# I. Introduction and Overview of Action

1.      Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have had their residential mortgage loans serviced by PCFS Mortgage Resources Division of Provident Bank, which is owned, controlled and directed by Provident Financial Group, Inc. This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services) and 15 USC § 1692 (FDCPA). The plaintiff is seeking in this compliant to certify a nationwide class action. Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

# II. Parties

2.      The plaintiff, Ronald J. Pomykala, resides at 15 Cushman Street, Plymouth, Plymouth County, Massachusetts.

3.      The defendant, PCFS Mortgage Resources Division ("PCFS") of Provident Ban ("PB"), is a banking corporation having its offices at 4221 International Parkway, Suite 150, Atlanta Georgia and PCFS conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A. PB has approximately 65 branch offices in southwestern Ohio and northern Kentucky and has a market capitalization of approximately $1.7 billion.

4.      The defendant, Provident Financial Group, Inc. ("PFG"), is a banking corporation with its executive offices located at 1 East 4th Street, Cincinnati, Ohio. PFG is controlled by Carl Linden and American Financial Group, Inc. PFG conducts trade or commerce in

Massachusetts so as to come within the purview of G.L. Chapter 93A.

5.  PFG and PB are in the business of purchasing residential home mortgages that were generated by others, such as mortgage brokers and mortgage companies, who actually arranged to close the consumer mortgage loans and they then assign them to PFG and/or PB who then uses the services of their wholly owned service company, PCFS, to service the mortgage loans.

## III.  **Factual Allegations**

6.  On or about January 6, 2003, the plaintiff purchased his home located at 15 Cushman Street, Plymouth, Plymouth County, Massachusetts, and obtained a mortgage loan from New Century Mortgage Corporation in amount of $455,400.00. Monthly payments in an amount of $3,184.23 commenced on February 1, 2003.

7.  This mortgage loan was assigned by an affiliate of New Century Mortgage Corporation (The Any Loan Company) to a third-party, effective on March 2, 2003, and the defendants started to service the mortgage loan on or about that date and the plaintiff, from that date on, sent his monthly mortgage payments to PCFS.

8.  For example, the October mortgage payment in an amount of $3,184.23 was received by PCFS on October 14, 2003 in Cincinnati, Ohio.

9.  PCFS, as a matter of practice and/or policy does not deposit mortgage payments on the date received even though, for example, the plaintiff's October payment was received by PCFS at 8:30 a.m. on October 14, 2003.

10. Also, the plaintiff's September payment was paid timely but not credited timely so a late charge in an amount of $95.00 was wrongfully assessed to boost PCFS's cash flow. However, in this instance, on September 23, 2003, Tammy Cole, a PCFS collection supervisor, credited and/or removed said late charge after the plaintiff requested this. This is done as a matter of policy and/or procedure.

11. On October 15, 2003, the plaintiff received a form "courtesy reminder," dated 10/13/03, which failed to account for his September mortgage payment which is a policy and/or common practice by PCFS.

12. The plaintiff's December, 2003 payment was received by PCFS on December 8, 2003 and apparently lost again. This is a matter of policy and/or practice by PCFS.

13. The plaintiff sent a replacement payment that was received by PCFS on December 11, 2003 but not applied so on December 23, 2003, the plaintiff made the payment on line electronically and the account should have been paid through the December, 2003 payment but PCFS refused to accept this electronic payment. Accordingly, on January 6, 2004, 1/6/04, the December and January payments were paid agin by the plaintiff to avoid further problems.

14. As of January 5, 2004, PCFS' records showed the plaintiff's account as having a balance of $9,552.69 but it should only have been $3,184.23 (the January 2004 current payment).

15. The above stated actions, as a matter of policy and/or practice, would use unreasonable efforts to try and get mortgagors, such as the plaintiff, to prepay their mortgage loans if there was a prepayment penalty in order to obtain additional "windfall" cash flow.

16. The plaintiff, as a result of the above-stated unfair practices of defendants, requested to pay off his mortgage loan and sought a waiver of the prepayment penalty, in an amount of $8460.04, which waiver was denied.

17. Accordingly, in February, 2004, the plaintiff caused said mortgage loan to be paid off under protect and demanded a refund of the $8,460.04 prepayment penalty and of the February payment in an amount of $3,184.23 but the defendants refused such a refund.

18. On or about April    , 2004, PCFS mailed a check for $92.00 for "escrow funds" to the plaintiff in an envelope with "no" explanation.

## COUNT I

### *(12 USC §§ 2601-17 RESPA and Regulation X 24 CFR Part 3500, Mortgage Servicing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 18, inclusive, as if fully set forth herein.

19. By the above-stated actions, the defendants have breached the provisions of 12 USC §§ 22601-17 (RESPA) and Regulation X, 24 CFR Part 3500 (mortgage servicing) and, as a result, the plaintiff and the other Class Members have incurred monetary damages.

## COUNT II

### *(Fair Debt Collection Protection Act (15 USC § 1692 et seq.)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 19, inclusive, as if fully set forth herein.

20. The defendants have violated the FDCPA by the following conduct:

    a. Attempting to collect amounts not permitted by law (15 USC § 1692f(1));

    b. Using unfair and unconscionable collection methods (15 USC § 1692f);

    c. Giving a false impression of the character, amount, or legal status of the alleged debt

(15 USC § 1692e(2));

d.    Using false or deceptive collection methods (15 USC § 1692e(5)); and

e.    Failing to state "the amount of the debt" as required by 15 USC § 1692g(1)

21.    The plaintiff and class members of the FDCPA class are entitled to relief under the FDCPA, including damages and a declaratory judgment that the defendants' conduct violates the FDCPA.

## COUNT III

### *(Credit Defamation)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 21 inclusive, as if fully set forth herein.

22.    By the above-stated actions and/or inactions, the defendants have wrongfully adversely affected, defamed and damaged the plaintiff's credit rating and standing as well as other class members.

## COUNT IV

### *(Breach of Contract and/or Third-Party Beneficiaries)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 22, inclusive, as if fully set forth herein.

23.    By the above-stated actions, the defendants have breached the agreements with the plaintiff whereby the plaintiff is a direct party and/or third-party beneficiary thereof, which has caused the plaintiff and the other class members  substantial monetary damages.

## COUNT V

### *(Breach of Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 23, inclusive, as if fully set forth herein.

24.    Defendants owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated  actions, the defendants breached the same which caused damages to the plaintiff and the other class members.

## COUNT VI

### *(Breach of Fiduciary Duties)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 24, inclusive, as if fully set forth herein.

25.     The defendants voluntarily undertook and incurred a fiduciary relationship with the plaintiff and the other class members which they reasonably relied upon.

26.     Because of their actions, as stated above, the defendants owed a fiduciary duty of the utmost good faith and loyalty to the plaintiff and the other class members

27.     By the above-described conduct, the defendants breached the fiduciary duty that they owed to the plaintiff and the other class members who, as a result thereof, incurred monetary damages.

## COUNT VII

### *(Negligence)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 27, inclusive, as if fully set forth herein.

28.     The defendants were negligent with regard to their handling of the plaintiff and the other class members' mortgage loan accounts.

29.     As a direct result of said negligent actions by the defendant, the plaintiff and the other class members have incurred monetary damages.

## COUNT VIII

### *(Intentional Misrepresentation)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 29 inclusive, as if fully set forth herein.

30.     The defendants have represented to the plaintiff and the other class members that they were entitled to collect various loan charges that were not legally due and owing.

31.     The defendants' representations concerning the right to collect such fees and charges were false.

32.     The defendants knew or should have known that such representations were false.

33.     The plaintiff and the other class members relied on the defendants' false representations

concerning its entitlement to collect such fees and charges and the plaintiff and the other class members did pay such fees and charges, to their detriment.

34.   The plaintiff and the other class members' reliance was reasonable or justifiable in the circumstances.

35.   The plaintiff and the other class members have suffered damages.

## COUNT IX

### *(Unjust Enrichment)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 35 inclusive, as if fully set forth herein.

36.   The defendants have engaged in unlawful collection activities.

37.   The defendants have collected monies that are not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such fees and charges.

38.   The defendants have been unjustly enriched by its conduct.

39.   The plaintiff and the other class members have suffered los by virtue of the defendants' conduct.

## COUNT X

### *(Unfair Trade Practices, G.L. Chapter 93A)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 39 inclusive, as if fully set forth herein.

40.   by the above-stated actions, the defendants have committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

41.   The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the defendants.

42.   The defendants each conduct trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

43.   On or about January 12, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the defendants. A copy of said letter is annexed hereto and marked as Exhibit A.

44.     On or about January 29, 2004, an amendment to the demand letter was caused to be served on the defendants, a copy of which is annexed hereto and marked as Exhibit B.

45.     On or about February 11, 2004, defendants' legal counsel responded to said demand letters and a copy of he responsive letter is annexed hereto and marked as Exhibit C.

46.     On or about February 27, 2004, a second amendment to the demand letter was served on the defendants. A copy of his letter is annexed hereto and marked as Exhibit D.

47.     As a direct result of the defendants unfair trade practices, as above-stated, the plaintiff and other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

## COUNT XI

### *(Class Action Certification)*

The plaintiff incorporates by reference and reallege paragraphs 1 through 47 inclusive, as if fully set forth herein.

48.     The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans served by the defendants (collectively "Class" OR "Class Members").

49.     Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 2,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

50.     The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the defendants are responsible as described in this complaint.

51.     The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

52.     A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

53.     Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

a)    Whether the defendants breached their obligations and fiduciary duties in servicing home mortgage loan accounts;

b)    Whether the defendants have breached state and federal statutes acts and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing) and 15 USC § 1629 (FDCPA); and

c)    Whether the defendants have committed unfair trade practices in Massachusetts and the other states which now all have so-called baby F.T.C. unfair trade practices statutes.

54.    The plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

55.    Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

56.    In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the defendants would suffer no prejudice as a result of certification and where certification would assure the class members that the defendants would not evade its responsibility in implementing any Court orders.

57.    The names and addresses of all Class Members are available from the defendants and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.    Declare this action to be a Class Action.

2.    Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3.    Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4.    Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5.    Award to plaintiff and to all Class Members such other and further relief as this court may deem meet, just and proper.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

RONALD J. POMYKALA, Plaintiff
By his Attorney

Evans J. Carter, Esq. (BBO # 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966
(508) 620-0140

Dated: August 6, 2004

## SCHEDULE OF EXHIBITS

A.    1/12/04 G.L. Chapter 93A Demand Letter

B.    1/29/04 Amendment to Demand Letter

C.    2/11/04 Defendants' Attorney's Letter

D.    2/27/04 Second Amendment to Demand Letter

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

### Attorneys at Law

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Evans J. Carter, P.C.

Telephone (508) 620-0140
Telefax    (508) 875-7728

January 12, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Robert L. Hoverson, President
Provident Financial Group, Inc.
1 East 4th Street
Cincinnati, Ohio 45204

Chief Executive Officer
PCFS Mortgage Resources Division of
Provident Bank
4221 International Parkway, Suite 150
Atlanta George 30354
and
P.O. Box 741817
Cincinnati, Ohio 45274-1817

> Re:    Loan No. 0000779213
> Borrower: Ronald J. Pomykala
> Address: 15 Cushman Street, Plymouth, MA 02760
> DEMAND LETTER PURSUANT TO MASSACHUSETTS
> GENERAL LAWS CHAPTER 93A

Dear Sir/Madam:

Please be advised that I have been retained by the above-named consumer/borrower with regard to the mortgage servicing problems that he has been having with your company. I have opined that your company has committed unfair trade practices in violation of Massachusetts General Laws, Chapter 93A and this letter is being sent to you as a demand in accordance therewith.

To-wit:

1.    Mr. Pomykala, since April, 2003 (the servicing having been assigned to your company effective 3/24/03 from New Century Mortgage Corporation) has been sending his monthly mortgage payment by certified mail to your company.

2.    For example, the October mortgage payment in an amount of $3,184.23 was received by your company on 10/14/03 in Cincinnati. Annexed hereto is a copy of the postal receipt.

F:\CARTER\POMYKALA\Provident\93A Demand.wpd


EXHIBIT
A

### HARGRAVES, KARB, WILCOX & GALVANI, LLP

*Mr. Robert L. Hoverson, President*
*Provident Financial Group, Inc. and*
*CEO, PCFS Mortgage Resources Division*
*Page No. 2*
*January 12, 2004*

3.  Apparently, your company does not deposit the mortgage payments on the day received even though the October payment was received by your company at 8:35 a.m. on October 14, 2003. Annexed hereto is a copy of the U.S. Postal Service track confirm statement.

4.  For example, the September payment was paid timely but not credited timely so a late charge in an amount of $95.53 was wrongfully assessed but on 9/23/03, Tammy Cole, your collection supervisor, credited and or removed said late charge. Annexed hereto is a copy of her letter.

5.  On 10/15/03, my client received a form "courtesy reminder," dated 10/13/03, which failed to account for his September mortgage payment. A copy is annexed.

6.  The December, 2003 payment was received by your company on 12/8/03 and apparently lost.

7.  My client sent a replacement payment that was received by your company on 12/11/03 but not applied so on 12/23/03, my client made the payment on line electronically and the account should have been paid through the December, 2003 payment but PCFS refused to accept this electronic payment. Accordingly, on 1/6/04, the December and January payments were repaid to avoid further problems.

8.  As of 1/5/04, your records showed the account as having a balance of $9,552.69 (copy enclosed) and it should only have been $3,184.23 (the 1/04 current payment).

9.  I have opined that if your mortgage service company received a mortgage payment before 9:00 a.m. on a given date, that it is obligated by law to post said payment as being received on that date and may not wait until a late charge would be due a day or two later to post the same and that PCFS violated 12 USC Section 2605 in servicing mortgage loans, as well as other statutes and regulations.

10. As a member of the National Association of Consumer Advocates, I am concerned that your company has a practice of wrongfully delaying the crediting and posting of consumer home mortgage payment checks in order to be able to collect late charges or for other improper purposes.

11. Demand is herewith made that you not communicate directly with my client, except to send him mortgage loan statements with payment coupons. A violation of this demand would constitute a further unfair trade practice.

I have spent one (1) hour on this matter and my billing rate is $300 per hour, so I would anticipate that when you, in good faith, attempt to resolve this matter, within 30 days, that you include a provision for the payment of my fee.

F:\CARTER\POMYKALA\Provident\93A Demand.wpd

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**

*Mr. Robert L. Hoverson, President*
*Provident Financial Group, Inc. and*
*CEO, PCFS Mortgage Resources Division*
*Page No. 3*
*January 12, 2004*

Your company has continually breached its agreement with Mr. Pomykala so I have instructed him to obtain refinancing from another source.

I would like my client to pay off this mortgage loan serviced by PCFS and I trust that you will waive any prepayment penalties (if any there be) as PCFS has breached its contract and covenant of good faith and fair dealing owed by Mr. Pomykala, so it would be another unfair trade practice to charge him a prepayment penalty that is caused by your violations of law.

Awaiting your response, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosures
cc:    Client

F:\CARTER\POMYKALA\Provident\93A Demand.wpd

Date: 10/21/2003  Time: 5:31:44 PM



**PCFS** Mortgage Resources
A Division of The Provident Bank, an Ohio Banking Corporation

4221 International Pkwy, Suite 15
Atlanta, GA 30354

### MORTGAGE LOAN STATEMENT

BORROWER NAME(S):    RONALD J POMYKALA

PROPERTY ADDRESS:
15 CUSHMAN STREET
PLYMOUTH, MA 02360-0000

#BWNHCGJ
RONALD J POMYKALA
15 CUSHMAN STREET
PLYMOUTH, MA 02360-0000

| | |
|---|---|
| LOAN NUMBER: | 0000779213 |
| STATEMENT DATE: | 10/17/2003 |
| PRINCIPAL BALANCE: | $452,636.27 |
| ESCROW BALANCE: | $0.00 |
| UNAPPLIED BALANCE: | $17,019.72 |
| YEAR TO DATE INTEREST: | $0.00 |
| YEAR TO DATE TAX: | 7.500% |
| CURRENT INTEREST RATE: | $0.00 |
| PAYMENT AMOUNT DUE: | 11/1/2003 |
| PAYMENT DUE DATE: | $3,184.23 |
| PAST DUE PAYMENTS: | $3,184.23 |
| UNPAID LATE FEES: | $95.53 |
| RETURN CHECK FEES: | $0.00 |
| MISCELLANEOUS FEES: | $0.00 |
| **TOTAL AMOUNT NOW DUE:** | **$6,463.99** |
| ON OR AFTER 11/16/2003 | |
| INCLUDE LATE CHARGE | $6,559.52 |

* The principal balance above is not the total amount required to payoff your loan in full

If any of the information shown above is incorrect, please indicate corrections on the back of the payment coupon.

### TRANSACTION ACTIVITY SINCE LAST STATEMENT

| TRANSACTION DESCRIPTION | DUE DATE | TRANSACTION DATE | TOTAL RECEIVED | PRINCIPAL | INTEREST | ESCROW | OPTIONAL INSURANCE | MISC. OR FEES |
|---|---|---|---|---|---|---|---|---|
| Late Charge Assess | 10/1/2003 | 10/18/2003 | | | | | | -$95.53 |
| Late Charge Waive | 10/1/2003 | 9/24/2003 | $95.53 | | | | | $95.53 |
| Regular Payment | 9/1/2003 | 9/17/2003 | $3,184.23 | $353.05 | $2,831.18 | | | |
| Late Charge Assess | 9/1/2003 | 9/16/2003 | | | | | | -$95.53 |

### SPECIAL MESSAGES

Dear Mortgagor (s)

PCFS Mortgage Resources values you as a customer. To enable us to provide you with the best possible service, the following information is provided for your review and future reference. At the bottom of this statement is a payment coupon to be used when making your next monthly payment. The above referenced account number should be written on your check.

**PAYMENTS**
All payments should be mailed to PCFS Mortgage Resources P.O. Box 741817 Cincinnati, OH 45274-1817.

**AUTOMATIC PAYMENT WITHDRAW (auto draft)**
To receive information about the benefits of this worry free method of making your mortgage payment, please call our Customer Service Department.
Please modify our Customer Service Department if you are already on auto draft client and you wish to pay your loan in full within 15 days of your due date.

**ADDITIONAL SERVICES**
As a benefit to our customers, PCFS offers a 24 hour access to your account information. You can utilize our dial up Voice Response Unit by dialing 1(800) 969-0703 or you can access our website at www.pcfs.com.
PCFS is a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.

**SERVICER INFORMATION**
Your loan is serviced by The Provident Bank, an Ohio Banking Corporation. The Provident Bank also does business as The Provident Bank, Inc., PCFS Mortgage Resources, PCFS Financial Services, Inc., Provident Consumer Financial Services and PCFS.

PCFS is committed to providing quality customer service.

---

### PAYMENT COUPON

PCFS MORTGAGE RESOURCES
PO BOX 741817
CINCINNATI, OH 45274-1817

BORROWER NAME(S):
RONALD J POMYKALA

DETACH AND RETURN WITH YOUR PAYMENT

☐ Check the box if name or mailing address is incorrect and complete form on reverse side.

| | |
|---|---|
| AN NUMBER: | 0000779213 |
| YMENT DUE DATE: | 11/1/2003 |
| T DUE PAYMENTS: | $3,184.23 |
| AID LATE CHARGES: | $3,184.23 |
| RN CHECK FEES: | $95.53 |
| ELLANEOUS FEES: | $0.00 |
| L AMOUNT NOW DUE: | $6,463.99 |

$ _____

PCFS MORTGAGE RESOURCES
PO BOX 741817
CINCINNATI OH 45274-1817

Additional Principal  $ _____
Additional Escrow    $ _____
Other                $ _____
                     $ _____