

**PARTRIDGE SNOW & HAHN LLP**
COUNSELORS AT LAW

February 11, 2004

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Evans J. Carter, Esq.
Hargraves, Karb, Wilcox & Galvani
550 Chochituate Road
P.O. Box 966
Framingham, MA 01701-0966

    Re:    Ronald J. Pomykala, Mass. Gen. Laws Chapter 93A Demand
            PCFS Loan Number 000779213

Dear Mr. Carter:

        We represent The Provident Bank ("Provident") in connection with the demand of Ronald Pomykala dated January 12, 2004 pursuant to Mass. Gen. Laws Chapter 93A. Your letter was received by Provident on January 15, 2004. I have reviewed this matter with Provident, and, based upon such review, Provident respectfully rejects your demand as it is not warranted pursuant to said law.

        According to your letters dated January 12, 2004 and January 29, 2004, Mr. Pomykala has been experiencing various payment posting delays in regard to his mortgage loan account, referenced above, beginning with the September 2003 monthly payment and continuing through the December 2003 monthly payment.

        Mr. Pomykala's monthly payment is due on the first day of every month, but his account is not assessed a late fee unless the payment is received by Provident after the 15th day of a given month, as provided in his mortgage note. Prior to September, 2003, Mr. Pomykala remitted his payments in accordance with the instructions on his monthly billing statement. The monthly "Mortgage Loan Statement" attached to your January 12, 2003 letter clearly states: "All payments should be mailed to PCFS Mortgage Resources, P.O. Box 74817, Cincinnati, OH 45274-1817." These instructions are also consistent with the payment remittance instructions contained in the servicing transfer notices sent to Mr. Pomykala in March and April 2003, when Provident assumed the servicing of Mr. Pomykala's loan from New Century Mortgage Corporation.

        Provident advises that in September 2003, Mr. Pomykala began to remit his monthly payment very close to the end of the 15-day grace period, via certified mail either to Provident's lockbox address (at which there is no individual available to sign the receipt for certified mail, because it is a Post Office Box—a fact that is fairly well known even to the least

---

180 South Main Street · Providence, RI 02903    700 Pleasa[nt]    101 Federal Street, Suite 1900 · Boston, MA 02110
T: 401-861-8200 · F: 401-861-8210    T: 774[...]    T: 617-342-7361 · F: 617-722-8266

**EXHIBIT C**

Evans J. Carter, Esq.
February 11, 2004
Page 2

sophisticated consumer) or to Provident's servicing center in Atlanta. For unknown reasons, commencing with the September 2003 payment, Mr. Pomykala continually refused to send his payments to the lockbox address by regular mail (as required by his monthly billing statement and Provident's instructions to him when Provident acquired servicing of the loan).

When a payment is sent in a manner other than by regular mail to the lockbox address – and thus contrary to the instructions on the monthly billing statements – it creates an exception to Provident's usual payment processing. This in turn increases the likelihood of errors, misdirected payments, and, ultimately, lag time in the posting of payments. In sum, Mr. Pomykala's unusual methods of payment starting in September 2003 created the problems for which he seeks now to blame Provident.

Set out below is a month-by-month explanation regarding the posting of payments to Mr. Pomykala's account.

September 2003 payment

According to Provident's records, the subject monthly payment was posted to Mr. Pomykala's account on September 17, 2003. Apparently, Mr. Pomykala remitted this payment via certified mail. Provident determined that it was received by Provident on or before September 15, 2003. To reiterate, the delay in posting to Mr. Pomykala's account was a direct result of the remittance by certified mail to the Post Office Box address. Mr. Pomykala contacted Provident on September 23, 2003, and apparently provided proof of delivery of his monthly payment. On September 24, 2003, the late charge was removed from his account.

October 2003 payment

The October 2003 payment was again remitted via certified mail to the Post Office Box address. The October payment was posted to Mr. Pomykala's account on October 18, 2003. Mr. Pomykala contacted Provident on October 21, 2003, at which time the late fee was again waived. Mr. Pomykala provided evidence to Provident that it was received by Provident on October 14, 2003. On October 22, 2003, Mr. Pomykala was advised to discontinue remitting payments via certified mail to the Post Office Box address. He refused. In an effort to accommodate Mr. Pomykala's continued and unexplained insistence on remitting payments via certified mail, he was advised to send his payment to the physical address of Provident's servicing center in Atlanta, Georgia. (As discussed below, the servicing representative working with Mr. Pomykala believes that she may have failed to provide the suite number with the address at which the payment was to be mailed by Mr. Pomykala, resulting in the November 2003 payment being transferred among various offices in the building until it was eventually tracked down. We are not certain whether she actually failed to do so, and we further note that the suite number is indicated in the monthly billing statements received by Mr. Pomykala.)

The Post Office Box and precise billing address instructions were established to avoid the exact situation in which Mr. Pomykala finds himself. Any deviation from the established billing instructions is likely to result in manual processing, involving multiple

Evans J. Carter, Esq.
February 11, 2004
Page 3

persons, thus increasing the likelihood of delay and/or errors. If Mr. Pomykala had followed the simple remittance instructions, these problems would have been totally avoidable.

November 2003 payment

Notwithstanding that Mr. Pomykala was given the Atlanta address to which to remit the payment, on November 5, 2003, he left a voice mail message to the Provident servicing representative with whom he had spoken during October, 2003 that he was mailing the November payment "per our previous conversation to P.O. Box 741817, Cincinnati, Ohio today."

The servicing representative presumably made the reasonable assumption that Mr. Pomykala was sending the payment to the Post Office Box address by regular mail, as that is what Mr. Pomykala advised her in his voice mail message. A ten-day letter was subsequently mailed to Mr. Pomykala on November 12, 2003 advising that as of the November 10, 2004, the payment due on November 1, 2003 still had not been received. Mr. Pomykala called the servicing representative on November 13, 2003 and advised that, contrary to his prior voicemail message, he had sent a payment to the Atlanta address by certified mail. After ascertaining the address used by Mr. Pomykala, the representative determined that the suite number was not included in the address, resulting in the delay. Mr. Pomykala was then assured that no late fee would be imposed and to disregard to ten-day letter.

At the same time, Provident's representative accommodated Mr. Pomykala to such an extent that she asked him to call her when he deposited future payments in the mail.

As of 10:00 a.m. on November 14, 2003, the U.S. Postal Service's records indicated that the Georgia Post Office had not yet delivered Mr. Pomykala's payment to Provident. Provident's representatives at this time were speaking with the postmasters in Massachusetts and Georgia. Provident again accommodated Mr. Pomykala, told him "not to worry", that Provident would not assess a late fee, and that "we will work it out."

Then Mr. Pomykala called again, on November 17, 2003, to advise that his check had cleared on November 14, 2003 and that he had also received a certified mail receipt showing receipt by Provident on November 10, 2003.

Provident researched this again. Despite inconsistent reports from the U.S. Postal Service, the check was found and posted for November 10, 2003.

December 2003 payment

The December 2003 payment was apparently sent via certified mail to Provident's physical servicing center address in Atlanta. Mr. Pomykala used the wrong zip code, 40354, which apparently is for a location in the State of Kentucky, not Georgia. Although 40354 is not a valid zip code, there is evidence on the records of the U.S. Postal Service of confirmed delivery in zip code area similar to 40354 (i.e., Kentucky) on December 11, 2003. We do not know if there

Evans J. Carter, Esq.
February 11, 2004
Page 4

was actually an erroneous delivery to a location in Kentucky and whether the U.S. Postal Service subsequently delivered the package to Atlanta, but the servicing records indicate evidence of the check being present at Provident's office was on January 7, 2004. We note additional confusion, again attributable to Mr. Pomykala: Mr. Pomykala dated the December 2003 check with the wrong year – December 2004!

Further adding to the confusion is a call from Mr. Pomykala on December 16, 2003, stating that the December 2003 check had been cashed on December 11, 2003. However, he called again on December 22, 2003 and stated that the payment was not posted to the account, meaning that the check he allegedly sent and reported to Provident as cashed had not yet been cashed (and perhaps not yet received) by Provident.

Mr. Pomykala then called back on December 22, 2003, and stated that he would stop payment on the December 2003 check (he never did so) and would make an "on line" payment that day. On December 23, 2003, he called to advise that the payment had been made on the evening of December 22, 2003. On-line payments generally post within 24 to 48 hours, depending upon the time the payment is made. Mr. Pomykala's payment was credited on December 22, 2003, and no late charge was assessed. Importantly, Mr. Pomykala called to complain to Provident that, as of December 29, 2003, the payment amount still had not been withdrawn from his checking account at the local bank. Provident has no control over his account at his local bank. Again, no late fee was charged to Mr. Pomykala.

Mr. Pomykala then called again on January 6, 2004 saying that his "on-line" payment was not processed because he has insufficient funds to cover the check from his local bank account. The missing check then was cleared on January 8, 2004 and the on-line payment (which apparently was subsequently paid from his local bank account) then covered the January 2004 payment that was then due.

According to our records, Mr. Pomykala's February 1, 2004 payment is now due, though it appears he has secured refinancing on his loan with another lender and that his closing is imminent.

In regard to your question regarding Mr. Pomykala's account Loan Summary as shown on the PCFS website as of January 5, 2004, please review the explanation above. The December 2003 and January 2004 payments were posted after the date of the Loan Summary, as discussed above.

In your January 12, 2004 letter, you stated that you attached a "courtesy reminder" dated October 13, 2003, but there was no such attachment to the letter. If you would be so kind as to forward a copy of that "reminder" me, I will be pleased to review it with Provident. The servicing records do indicate that a ten-day letter was mailed to Mr. Pomykala on October 12, 2003, which is an industry standard mortgage servicing practice and helps many borrowers avoid a late charge by reminding them to timely remit payment by the 15th day of the month.

Evans J. Carter, Esq.
February 11, 2004
Page 5

In regard to your January 29, 2004 letter regarding Provident's wrongful continuation of "collection actions" in contravention of your January 12, 2004 letter, allow me to again restate Provident's position that it has not engaged in any such activity since receipt of your letter. If you have specific examples of the activities that Mr. Pomykala is experiencing, please detail these contacts for me so that I may address the precise concerns with Provident.

Lastly, Provident respectfully declines your request to waive Mr. Pomykala's prepayment fee if he pays this loan in full during the prepayment term as more specifically detailed in the related Note. There is no legal basis for this request and we believe, with all due respect, that Mr. Pomykala's problems are self-created. Respectfully, Mr. Pomykala's irrational insistence on sending certified mailings to a Post Office Box address, the erroneous information he provided to Provident on multiple occasions as explained above, his constant complaints to Provident, his constant worry about negative credit bureau reporting, the erroneous statements on multiple occasions that he received foreclosure notices from Provident, his ongoing threats to contact his attorney and to sue Provident as early as October, 2003, and other factors, lead Provident to speculate that perhaps Mr. Pomykala intentionally created the delays and problems about which he now complains. Though we don't yet know his precise circumstances, be advised that in the event that litigation is commenced, we will leave no stone unturned. Provident will not succumb to meritless threats of litigation. Provident believes it has done nothing wrong in this matter and believes that it was more than accommodating to Mr. Pomykala, especially in light of his irrational insistence on sending payments in a method that not only was unauthorized but was completely contrary to his own agreements in his note and mortgage. Accordingly, no offer of settlement is made pursuant to Chapter 93A. Be advised that Provident will vigorously defend itself in any litigation on this matter.

All future correspondence should be directed to my attention. For your information, the enclosed payoff statement was faxed to Attorney John J. Walker at 781-331-6004 on February 6, 2004 in accordance with Mr. Pomykala's request.

We trust that this letter is responsive to your letters. If you have any further questions or concerns, please telephone me.

Sincerely,

Caroline M. Gilroy-Brown

CMG/sa
Enclosure
cc: Elisa Mills, Esq.

726841_1

February 06, 2004

RONALD J POMYKALA
15 CUSHMAN STREET
781-331-6004
PLYMOUTH MA 02360-0000
Your Reference: dxs

Payoff figures have been requested on the loan for the borrower and property described below.

Loan ID: 0000779213
RONALD J POMYKALA, SS#: 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
15 CUSHMAN STREET
PLYMOUTH, MA 02360-0000
Loan Type: Conventional   FHA/VA Case #:

When remitting funds, please use our loan number to insure proper posting and provide us with the borrower's forwarding address. Funds received in this office after 12:00 noon will be processed on the next business day, with interest charged to that date.

All payoff figures are subject to clearance of funds in transit. The payoff is subject to final audit when presented. Any overpayment or refunds will be mailed directly to the borrower. We will prepare the release of our interest in the property after all funds have cleared.

| | |
|---|---|
| Projected Payoff Date | 02/16/2004 |
| Principal Balance | $451,201.88 |
| Interest to 02/16/2004 | $4,210.70 |
| Fees | $ 15.00 |
| Prepayment Penalty | $8,460.04 |
| Release Fees | $ 15.00 |
| Funds owed by Borrower | $0.00 |
| Funds owed to Borrower | $0.00 |
| Total Payoff | $463,902.62 |
| Per diem | $ 92.71 |

The next payment due is 02/01/2004. Payments are made by Billing on a Monthly basis. The current interest rate is   7.5000% and the P & I payment is $3,184.23.  .

**PLEASE CALL THE NUMBER LISTED BELOW TO UPDATE FIGURES PRIOR TO REMITTING FUNDS AS THEY ARE SUBJECT TO CHANGE WITHOUT NOTICE.**

PCFS Mortgage Resources,
4221 International Parkway
Suite 150
Atlanta, GA 30354
(770) 909-7979
(866) 729-7237

PO1.doc
12/12/2002 1:51 PM

TOTAL P.01

TOTAL P.02