

SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
SEP 10 2004
CLERK
COPY
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
I HEREBY ATTEST AND CERTIFY ON 9/9/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04 11956 RWZ

RONALD J. POMYKALA, individually and on behalf of Class Members,

Plaintiff,

v.

PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,

Defendants.

**NOTICE OF REMOVAL**

Defendants PCFS Mortgage Resources Division of Provident Bank ("PCFS") and Provident Financial Group, Inc. ("Provident," and together with PCFS, "Defendants") file this Notice of Removal of the civil action filed against them by plaintiff Ronald J. Pomykala ("Pomykala") to the United States District Court for the District of Massachusetts, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*, on the basis of the following facts that show this case is properly removable:

1. Pomykala filed a complaint against Defendants in Plymouth County Superior Court on August 9, 2004. The case is styled *Pomykala v. PCFS Mortgage Resources Division of Provident Bank and Provident Financial Group, Inc.*, Plymouth (Massachusetts) Superior Court, Civil Action No. PLCV2004-00977-B. A copy of the complaint is attached hereto as Exhibit A.

2. The complaint has not yet been served on the defendants. However, on or about August 11, 2004, plaintiff's counsel provided an attorney for Defendants with a copy of the complaint.

3.    The time within which Defendants are required by the laws of the United States, 28 U.S.C. § 1446(b), to file this Notice of Removal has not yet expired.

4.    Count I of Polykama's claim in this action alleges violations of 12 U.S.C. §§ 22601-17 ("RESPA"). *See* Exhibit A, Compl. at 3. Count II of Polykama's claim in this action alleges violations of 15 U.S.C. § 1692 et seq. ("Fair Debt Collection Protection Act"). *See* Exhibit A., Compl. at 3-4. Accordingly, this court has jurisdiction over Polykama's claims pursuant to 28 U.S.C. §1331 and 1367. The action may thus be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 in that it arises under the laws of the United States.

5.    Assignment of this case to the Eastern Division of this Court is proper under Local Rule 40.1(D), because Polykama, the only citizen of Massachusetts among the parties, resides in that division. *See* Ex. A, Compl. at ¶¶ 1.

6.    Pursuant to Local Rule 81.1(a), certified or attested copies of all records, proceedings and docket entries in the Plymouth Superior Court action shall be filed with this Court within thirty (30) days.

WHEREFORE, Defendants pray that the action *Pomykala v. PCFS Mortgage Resources Division of Provident Bank and Provident Financial Group, Inc.*, Plymouth (Massachusetts) Superior Court, Civil Action No. PLCV2004-00977-B, be removed to this Court.

Respectfully submitted,

PCFS MORTGAGE RESOURCES, DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.

By their attorneys,

HOLLAND & KNIGHT LLP

Lawrence R. Kulig (BBO No. 544656)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Date: September 8, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished to the below counsel via overnight delivery on this 8th day of September, 2004:

Evans J. Carter, Esq.
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Lawrence R. Kulig

# 2235191_v1

A TRUE COPY ATTEST
CLERK

A

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04- 0577

RONALD J. POMYKALA, Individually and on behalf of Class Members,
Plaintiff

v.

PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.
Defendants

**COMPLAINT, JURY CLAIM AND <u>REQUEST FOR CLASS CERTIFICATION</u>**

## I. <u>Introduction and Overview of Action</u>

1. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, specifically, consumers who have had their residential mortgage loans serviced by PCFS Mortgage Resources Division of Provident Bank, which is owned, controlled and directed by Provident Financial Group, Inc. This complaint seeks rescission and restitution, multiple damages and attorney's fees pursuant to G.L. Chapter 93A, Section 9, and injunctive relief as the defendants have violated 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Services) and 15 USC § 1692 (FDCPA). The plaintiff is seeking in this compliant to certify a nationwide class action. Massachusetts has jurisdiction over this action as the defendants do business here and filed numerous complaints in the Trial Court. The Superior Court has exclusive jurisdiction because a request for a class action under G.L. Chapter 93A, Section 9 is being prayed for and the District Court Department has no jurisdiction.

## II. <u>Parties</u>

2. The plaintiff, Ronald J. Pomykala, resides at 15 Cushman Street, Plymouth, Plymouth County, Massachusetts.

3. The defendant, PCFS Mortgage Resources Division ("PCFS") of Provident Ban ("PB"), is a banking corporation having its offices at 4221 International Parkway, Suite 150, Atlanta Georgia and PCFS conducts trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A. PB has approximately 65 branch offices in southwestern Ohio and northern Kentucky and has a market capitalization of approximately $1.7 billion.

4. The defendant, Provident Financial Group, Inc. ("PFG"), is a banking corporation with its executive offices located at 1 East 4th Street, Cincinnati, Ohio. PFG is controlled by Carl Linden and American Financial Group, Inc. PFG conducts trade or commerce in

Massachusetts so as to come within the purview of G.L. Chapter 93A.

5. PFG and PB are in the business of purchasing residential home mortgages that were generated by others, such as mortgage brokers and mortgage companies, who actually arranged to close the consumer mortgage loans and they then assign them to PFG and/or PB who then uses the services of their wholly owned service company, PCFS, to service the mortgage loans.

## III. Factual Allegations

6. On or about January 6, 2003, the plaintiff purchased his home located at 15 Cushman Street, Plymouth, Plymouth County, Massachusetts, and obtained a mortgage loan from New Century Mortgage Corporation in amount of $455,400.00. Monthly payments in an amount of $3,184.23 commenced on February 1, 2003.

7. This mortgage loan was assigned by an affiliate of New Century Mortgage Corporation (The Any Loan Company) to a third-party, effective on March 2, 2003, and the defendants started to service the mortgage loan on or about that date and the plaintiff, from that date on, sent his monthly mortgage payments to PCFS.

8. For example, the October mortgage payment in an amount of $3,184.23 was received by PCFS on October 14, 2003 in Cincinnati, Ohio.

9. PCFS, as a matter of practice and/or policy does not deposit mortgage payments on the date received even though, for example, the plaintiff's October payment was received by PCFS at 8:30 a.m. on October 14, 2003.

10. Also, the plaintiff's September payment was paid timely but not credited timely so a late charge in an amount of $95.00 was wrongfully assessed to boost PCFS's cash flow. However, in this instance, on September 23, 2003, Tammy Cole, a PCFS collection supervisor, credited and/or removed said late charge after the plaintiff requested this. This is done as a matter of policy and/or procedure.

11. On October 15, 2003, the plaintiff received a form "courtesy reminder," dated 10/13/03, which failed to account for his September mortgage payment which is a policy and/or common practice by PCFS.

12. The plaintiff's December, 2003 payment was received by PCFS on December 8, 2003 and apparently lost again. This is a matter of policy and/or practice by PCFS.

13. The plaintiff sent a replacement payment that was received by PCFS on December 11, 2003 but not applied so on December 23, 2003, the plaintiff made the payment on line electronically and the account should have been paid through the December, 2003 payment but PCFS refused to accept this electronic payment. Accordingly, on January 6, 2004, 1/6/04, the December and January payments were paid agin by the plaintiff to avoid further problems.

14. As of January 5, 2004, PCFS' records showed the plaintiff's account as having a balance of $9,552.69 but it should only have been $3,184.23 (the January 2004 current payment).

15. The above stated actions, as a matter of policy and/or practice, would use unreasonable efforts to try and get mortgagors, such as the plaintiff, to prepay their mortgage loans if there was a prepayment penalty in order to obtain additional "windfall" cash flow.

16. The plaintiff, as a result of the above-stated unfair practices of defendants, requested to pay off his mortgage loan and sought a waiver of the prepayment penalty, in an amount of $8460.04, which waiver was denied.

17. Accordingly, in February, 2004, the plaintiff caused said mortgage loan to be paid off under protect and demanded a refund of the $8,460.04 prepayment penalty and of the February payment in an amount of $3,184.23 but the defendants refused such a refund.

18. On or about April , 2004, PCFS mailed a check for $92.00 for "escrow funds" to the plaintiff in an envelope with "no" explanation.

## COUNT I

*(12 USC §§ 2601-17 RESPA and Regulation X 24 CFR Part 3500, Mortgage Servicing)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 18, inclusive, as if fully set forth herein.

19. By the above-stated actions, the defendants have breached the provisions of 12 USC §§ 22601-17 (RESPA) and Regulation X, 24 CFR Part 3500 (mortgage servicing) and, as a result, the plaintiff and the other Class Members have incurred monetary damages.

## COUNT II

*(Fair Debt Collection Protection Act (15 USC § 1692 et seq.)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 19, inclusive, as if fully set forth herein.

20. The defendants have violated the FDCPA by the following conduct:

a. Attempting to collect amounts not permitted by law (15 USC § 1692f(1));

b. Using unfair and unconscionable collection methods (15 USC § 1692f);

c. Giving a false impression of the character, amount, or legal status of the alleged debt

(15 USC § 1692e(2));

d. Using false or deceptive collection methods (15 USC § 1692e(5)); and

e. Failing to state "the amount of the debt" as required by 15 USC § 1692g(1)

21. The plaintiff and class members of the FDCPA class are entitled to relief under the FDCPA, including damages and a declaratory judgment that the defendants' conduct violates the FDCPA.

**COUNT III**

*(Credit Defamation)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 21 inclusive, as if fully set forth herein.

22. By the above-stated actions and/or inactions, the defendants have wrongfully adversely affected, defamed and damaged the plaintiff's credit rating and standing as well as other class members.

**COUNT IV**

***(Breach of Contract and/or Third-Party Beneficiaries)***

The plaintiff incorporates by reference and realleges paragraphs 1 through 22, inclusive, as if fully set forth herein.

23. By the above-stated actions, the defendants have breached the agreements with the plaintiff whereby the plaintiff is a direct party and/or third-party beneficiary thereof, which has caused the plaintiff and the other class members substantial monetary damages.

**COUNT V**

***(Breach of Covenant of Good Faith and Fair Dealing)***

The plaintiff incorporates by reference and realleges paragraphs 1 through 23, inclusive, as if fully set forth herein.

24. Defendants owed to the plaintiff and the class members a covenant of good faith and fair dealing and by the above-stated actions, the defendants breached the same which caused damages to the plaintiff and the other class members.

## COUNT VI

*(Breach of Fiduciary Duties)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 24, inclusive, as if fully set forth herein.

25. The defendants voluntarily undertook and incurred a fiduciary relationship with the plaintiff and the other class members which they reasonably relied upon.

26. Because of their actions, as stated above, the defendants owed a fiduciary duty of the utmost good faith and loyalty to the plaintiff and the other class members

27. By the above-described conduct, the defendants breached the fiduciary duty that they owed to the plaintiff and the other class members who, as a result thereof, incurred monetary damages.

## COUNT VII

*(Negligence)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 27, inclusive, as if fully set forth herein.

28. The defendants were negligent with regard to their handling of the plaintiff and the other class members' mortgage loan accounts.

29. As a direct result of said negligent actions by the defendant, the plaintiff and the other class members have incurred monetary damages.

## COUNT VIII

*(Intentional Misrepresentation)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 29 inclusive, as if fully set forth herein.

30. The defendants have represented to the plaintiff and the other class members that they were entitled to collect various loan charges that were not legally due and owing.

31. The defendants' representations concerning the right to collect such fees and charges were false.

32. The defendants knew or should have known that such representations were false.

33. The plaintiff and the other class members relied on the defendants' false representations

concerning its entitlement to collect such fees and charges and the plaintiff and the other class members did pay such fees and charges, to their detriment.

34. The plaintiff and the other class members' reliance was reasonable or justifiable in the circumstances.

35. The plaintiff and the other class members have suffered damages.

## COUNT IX

*(Unjust Enrichment)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 35 inclusive, as if fully set forth herein.

36. The defendants have engaged in unlawful collection activities.

37. The defendants have collected monies that are not due and owing under applicable contract law because the contract or other applicable law does not permit them to collect such fees and charges.

38. The defendants have been unjustly enriched by its conduct.

39. The plaintiff and the other class members have suffered los by virtue of the defendants' conduct.

## COUNT X

*(Unfair Trade Practices, G.L. Chapter 93A)*

The plaintiff incorporates by reference and realleges paragraphs 1 through 39 inclusive, as if fully set forth herein.

40. by the above-stated actions, the defendants have committed unfair trade practices in violation of General Laws, Chapter 93A, Section 9, as well as violating numerous rules and regulations and statutes.

41. The above-stated actions were done knowingly, willfully, intentionally and/or recklessly by the defendants.

42. The defendants each conduct trade or commerce in Massachusetts so as to come within the purview of G.L. Chapter 93A.

43. On or about January 12, 2004, the plaintiff caused a so-called G.L. Chapter 93A demand letter to be served on the defendants. A copy of said letter is annexed hereto and marked as Exhibit A.

44. On or about January 29, 2004, an amendment to the demand letter was caused to be served on the defendants, a copy of which is annexed hereto and marked as Exhibit B.

45. On or about February 11, 2004, defendants' legal counsel responded to said demand letters and a copy of he responsive letter is annexed hereto and marked as Exhibit C.

46. On or about February 27, 2004, a second amendment to the demand letter was served on the defendants. A copy of his letter is annexed hereto and marked as Exhibit D.

47. As a direct result of the defendants unfair trade practices, as above-stated, the plaintiff and other class members have incurred monetary damages plus interest, costs and reasonable attorney's fees.

**COUNT XI**

*(Class Action Certification)*

The plaintiff incorporates by reference and reallege paragraphs 1 through 47 inclusive, as if fully set forth herein.

48. The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons and entities who have or had mortgage loans served by the defendants (collectively "Class" OR "Class Members").

49. Based on conversations with some mortgage brokers, it is estimated that there are probably in excess of 2,000 Class Members in Massachusetts alone many more Class Members throughout the United States.

50. The plaintiff's claims are typical of the claims of the Members of the Class. The plaintiff and all members of the Class sustained damages as a result of the wrongful conduct for which the defendants are responsible as described in this complaint.

51. The plaintiff will fairly and adequately protect the interests of the Members of the Class and he has retained counsel competent and experienced in class action litigation.

52. A class action is superior to other available methods for the fair and effect adjudication of this controversy. The damages suffered by many individual Class Members are relatively small, albeit significant, and many, especially those who closed down, do not have the financial ability to proceed individually. Thus, the expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

53. Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the Class are:

a) Whether the defendants breached their obligations and fiduciary duties in servicing home mortgage loan accounts;

b) Whether the defendants have breached state and federal statutes acts and regulations, such as 21 USC §§ 2601-17 (RESPA), Regulation X, 24 CFR Part 3500 (Mortgage Servicing) and 15 USC § 1629 (FDCPA); and

c) Whether the defendants have committed unfair trade practices in Massachusetts and the other states which now all have so-called baby F.T.C. unfair trade practices statutes.

54. The plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

55. Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

56. In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the defendants would suffer no prejudice as a result of certification and where certification would assure the class members that the defendants would not evade its responsibility in implementing any Court orders.

57. The names and addresses of all Class Members are available from the defendants and notice will be provided to Class Members via first-class mail, using techniques and a notice approved by this court.

**PRAYERS FOR RELIEF**

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1. Declare this action to be a Class Action.

2. Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

3. Award to the plaintiff and to all Class Members treble damages as well as restitution based on unjust enrichment and disgorgement of funds unjustly obtained.

4. Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

5. Award to plaintiff and to all Class Members such other and further relief as this court may deem meet, just and proper.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

RONALD J. POMYKALA, Plaintiff
By his Attorney

Evans J. Carter, Esq. (BBO # 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966
(508) 620-0140

Dated: August 6, 2004

A TRUE COPY ATTEST

CLERK

**SCHEDULE OF EXHIBITS**

A. 1/12/04 G.L. Chapter 93A Demand Letter

B. 1/29/04 Amendment to Demand Letter

C. 2/11/04 Defendants' Attorney's Letter

D. 2/27/04 Second Amendment to Demand Letter

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax (508) 875-7728

January 12, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Robert L. Hoverson, President
Provident Financial Group, Inc.
1 East 4th Street
Cincinnati, Ohio 45204

Chief Executive Officer
PCFS Mortgage Resources Division of
Provident Bank
4221 International Parkway, Suite 150
Atlanta George 30354
and
P.O. Box 741817
Cincinnati, Ohio 45274-1817

Re: Loan No. 0000779213
Borrower: Ronald J. Pomykala
Address: 15 Cushman Street, Plymouth, MA 02760
DEMAND LETTER PURSUANT TO MASSACHUSETTS GENERAL LAWS CHAPTER 93A

Dear Sir/Madam:

Please be advised that I have been retained by the above-named consumer/borrower with regard to the mortgage servicing problems that he has been having with your company. I have opined that your company has committed unfair trade practices in violation of Massachusetts General Laws, Chapter 93A and this letter is being sent to you as a demand in accordance therewith.

To-wit:

1. Mr. Pomykala, since April, 2003 (the servicing having been assigned to your company effective 3/24/03 from New Century Mortgage Corporation) has been sending his monthly mortgage payment by certified mail to your company.

2. For example, the October mortgage payment in an amount of $3,184.23 was received by your company on 10/14/03 in Cincinnati. Annexed hereto is a copy of the postal receipt.



HARGRAVES, KARB, WILCOX & GALVANI, LLP
*Mr. Robert L. Hoverson, President*
*Provident Financial Group, Inc. and*
*CEO, PCFS Mortgage Resources Division*
*Page No. 2*
*January 12, 2004*

3. Apparently, your company does not deposit the mortgage payments on the day received even though the October payment was received by your company at 8:35 a.m. on October 14, 2003. Annexed hereto is a copy of the U.S. Postal Service track confirm statement.

4. For example, the September payment was paid timely but not credited timely so a late charge in an amount of $95.53 was wrongfully assessed but on 9/23/03, Tammy Cole, your collection supervisor, credited and or removed said late charge. Annexed hereto is a copy of her letter.

5. On 10/15/03, my client received a form "courtesy reminder," dated 10/13/03, which failed to account for his September mortgage payment. A copy is annexed.

6. The December, 2003 payment was received by your company on 12/8/03 and apparently lost.

7. My client sent a replacement payment that was received by your company on 12/11/03 but not applied so on 12/23/03, my client made the payment on line electronically and the account should have been paid through the December, 2003 payment but PCFS refused to accept this electronic payment. Accordingly, on 1/6/04, the December and January payments were repaid to avoid further problems.

8. As of 1/5/04, your records showed the account as having a balance of $9,552.69 (copy enclosed) and it should only have been $3,184.23 (the 1/04 current payment).

9. I have opined that if your mortgage service company received a mortgage payment before 9:00 a.m. on a given date, that it is obligated by law to post said payment as being received on that date and may not wait until a late charge would be due a day or two later to post the same and that PCFS violated 12 USC Section 2605 in servicing mortgage loans, as well as other statutes and regulations.

10. As a member of the National Association of Consumer Advocates, I am concerned that your company has a practice of wrongfully delaying the crediting and posting of consumer home mortgage payment checks in order to be able to collect late charges or for other improper purposes.

11. Demand is herewith made that you not communicate directly with my client, except to send him mortgage loan statements with payment coupons. A violation of this demand would constitute a further unfair trade practice.

I have spent one (1) hour on this matter and my billing rate is $300 per hour, so I would anticipate that when you, in good faith, attempt to resolve this matter, within 30 days, that you include a provision for the payment of my fee.

F:\CARTER\POMYKALA\Provident\93A Demand.wpd

HARGRAVES, KARB, WILCOX & GALVANI, LLP
*Mr. Robert L. Hoverson, President*
*Provident Financial Group, Inc. and*
*CEO, PCFS Mortgage Resources Division*
*Page No. 3*
*January 12, 2004*

Your company has continually breached its agreement with Mr. Pomykala so I have instructed him to obtain refinancing from another source.

I would like my client to pay off this mortgage loan serviced by PCFS and I trust that you will waive any prepayment penalties (if any there be) as PCFS has breached its contract and covenant of good faith and fair dealing owed by Mr. Pomykala, so it would be another unfair trade practice to charge him a prepayment penalty that is caused by your violations of law.

Awaiting your response, I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosures
cc: Client

F:\CARTER\POMYKALA\Provident\93A Demand.wpd

Date: 10/21/2003 Time: 5:31:44 PM

A Division of The Provident Bank, an Ohio Banking Corporation
4221 International Pkwy, Suite 15
Atlanta, GA 30354

# MORTGAGE LOAN STATEMENT

BORROWER NAME(S): RONALD J POMYKALA

PROPERTY ADDRESS: 15 CUSHMAN STREET
PLYMOUTH,MA 02360-0000

| | |
|---|---|
| LOAN NUMBER: | 0000779213 |
| STATEMENT DATE: | 10/17/2003 |
| PRINCIPAL BALANCE: | $452,636.27 |
| ESCROW BALANCE: | $0.00 |
| UNAPPLIED BALANCE | $0.00 |
| YEAR TO DATE INTEREST: | $17,019.72 |
| YEAR TO DATE TAX: | $0.00 |
| CURRENT INTEREST RATE: | 7.500% |
| PAYMENT DUE DATE: | 11/1/2003 |
| PAYMENT AMOUNT DUE: | $3,184.23 |
| PAST DUE PAYMENTS: | $3,184.23 |
| UNPAID LATE CHARGES: | $95.53 |
| RETURN CHECK FEES: | $0.00 |
| MISCELLANEOUS FEES: | $0.00 |
| TOTAL AMOUNT NOW DUE: | $6,463.99 |
| ON OR AFTER 11/16/2003 INCLUDE LATE CHARGE | $6,559.52 |

* The principal balance above is not the total amount required to payoff your loan in full

#BWNHCGJ
RONALD J POMYKALA
15 CUSHMAN STREET
PLYMOUTH, MA 02360-0000

If any of the information shown above is incorrect, please indicate corrections on the back of the payment coupon.

## TRANSACTION ACTIVITY SINCE LAST STATEMENT

| TRANSACTION DESCRIPTION | DUE DATE | TRANSACTION DATE | TOTAL RECEIVED | PRINCIPAL | INTEREST | ESCROW | OPTIONAL INSURANCE | MISC. OR FEES |
|---|---|---|---|---|---|---|---|---|
| Late Charge Assess | 10/1/2003 | 10/16/2003 | | | | | | -$95.53 |
| Late Charge Waive | 10/1/2003 | 9/24/2003 | | | | | | $95.53 |
| Regular Payment | 9/1/2003 | 9/17/2003 | $95.53 | | | | | |
| Late Charge Assess | 9/1/2003 | 9/16/2003 | $3,184.23 | $353.05 | $2,831.18 | | | -$95.53 |

## SPECIAL MESSAGES

Dear Mortgagor (s)
PCFS Mortgage Resources values you as a customer. To enable us to provide you with the best possible service, the following information is provided for your review and future reference.
PAYMENTS
All payments should be mailed to PCFS Mortgage Resources P.O. Box 741817 Cincinnati, OH 45274-1817. At the bottom of this statement is a payment coupon to be used when making your next monthly payment. The above referenced account number should be written on your check.
AUTOMATIC PAYMENT WITHDRAW (auto draft)
To receive information about the benefits of this worry free method of making your mortgage payment, please call our Customer Service Department.
Please notify our Customer Service Department if you are already an auto draft client and you plan to pay your loan in full within 15 days of your due date.
ADDITIONAL SERVICES
As a benefit to our customers, PCFS offers a 24 hour access to your account information. You can utilize our dial up Voice Response Unit by dialing 1(800) 969-0703 or you can access our website at www.pcfs.com.
PCFS is a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.
SERVICER INFORMATION
Your loan is serviced by The Provident Bank, an Ohio Banking Corporation. The Provident Bank also does business as The Provident Bank, Inc., PCFS Mortgage Resources, PCFS Financial Services, Inc., Provident Consumer Financial Services and PCFS.

PCFS is committed to providing quality customer service.

PCFS MORTGAGE RESOURCES
PO BOX 741817
CINCINNATI, OH 45274-1817

## PAYMENT COUPON

DETACH AND RETURN WITH YOUR PAYMENT

BORROWER NAME(S):
RONALD J POMYKALA

☐ Check the box if name or mailing address is incorrect and complete form on reverse side.

| | |
|---|---|
| LOAN NUMBER: | 0000779213 |
| PAYMENT DUE DATE: | 11/1/2003 |
| PAYMENT AMOUNT DUE: | $3,184.23 |
| PAST DUE PAYMENTS | $3,184.23 |
| UNPAID LATE CHARGES: | $95.53 |
| RETURN CHECK FEES: | $0.00 |
| MISCELLANEOUS FEES: | $0.00 |
| TOTAL AMOUNT NOW DUE: | $6,463.99 |

$

Additional Principal $ ________
Additional Escrow $ ________
Other $ ________

PCFS MORTGAGE RESOURCES
PO BOX 741817
CINCINNATI OH 45274-1817

**HARGRAVES, KARB, WILCOX & GALVANI, LLP**
Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax (508) 875-7728

January 29, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Robert L. Hoverson, President
Provident Financial Group, Inc.
1 East 4th Street
Cincinnati, Ohio 45202

Chief Executive Officer
PCFS Mortgage Resources Division of
Provident Bank
4221 International Parkway, Suite 150
Atlanta George 30354

Re: Loan No. 0000779213
Borrower: Ronald J. Pomykala
Address: 15 Cushman Street, Plymouth, MA 02760
AMENDMENT TO G.L. CHAPTER 93A DEMAND LETTER

Dear Sir/Madam:

Your both have received my demand letter on January 15, 2004 covering the above-stated matter as I have received the green postal receipts.

I have been advised that PCFS is still taking collection actions and this should have ceased!

Please send me a mortgage loan payoff statement as of February 9, 2004 together with a per diem interest rate forthwith, with no prepayment penalty, and the above-stated loan will be paid off in February. I have been authorized by my client to file a class action complaint if this demand is not complied with.

As an aside, my client has never requested the return of any of his checks that were sent to PCFS.

Very truly yours,

EVANS J. CARTER

EJC/aec

EXHIBIT
B
tabbles



PSH
PARTRIDGE
SNOW &
HAHN LLP
COUNSELORS AT LAW

February 11, 2004

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Evans J. Carter, Esq.
Hargraves, Karb, Wilcox & Galvani
550 Chochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Re: Ronald J. Pomykala, Mass. Gen. Laws Chapter 93A Demand
PCFS Loan Number 000779213

Dear Mr. Carter:

We represent The Provident Bank ("Provident") in connection with the demand of Ronald Pomykala dated January 12, 2004 pursuant to Mass. Gen. Laws Chapter 93A. Your letter was received by Provident on January 15, 2004. I have reviewed this matter with Provident, and, based upon such review, Provident respectfully rejects your demand as it is not warranted pursuant to said law.

According to your letters dated January 12, 2004 and January 29, 2004, Mr. Pomykala has been experiencing various payment posting delays in regard to his mortgage loan account, referenced above, beginning with the September 2003 monthly payment and continuing through the December 2003 monthly payment.

Mr. Pomykala's monthly payment is due on the first day of every month, but his account is not assessed a late fee unless the payment is received by Provident after the 15th day of a given month, as provided in his mortgage note. Prior to September, 2003, Mr. Pomykala remitted his payments in accordance with the instructions on his monthly billing statement. The monthly "Mortgage Loan Statement" attached to your January 12, 2003 letter clearly states: "All payments should be mailed to PCFS Mortgage Resources, P.O. Box 74817, Cincinnati, OH 45274-1817." These instructions are also consistent with the payment remittance instructions contained in the servicing transfer notices sent to Mr. Pomykala in March and April 2003, when Provident assumed the servicing of Mr. Pomykala's loan from New Century Mortgage Corporation.

Provident advises that in September 2003, Mr. Pomykala began to remit his monthly payment very close to the end of the 15-day grace period, via certified mail either to Provident's lockbox address (at which there is no individual available to sign the receipt for certified mail, because it is a Post Office Box—a fact that is fairly well known even to the least

EXHIBIT
C

sophisticated consumer) or to Provident's servicing center in Atlanta. For unknown reasons, commencing with the September 2003 payment, Mr. Pomykala continually refused to send his payments to the lockbox address by regular mail (as required by his monthly billing statement and Provident's instructions to him when Provident acquired servicing of the loan).

When a payment is sent in a manner other than by regular mail to the lockbox address – and thus contrary to the instructions on the monthly billing statements – it creates an exception to Provident's usual payment processing. This in turn increases the likelihood of errors, misdirected payments, and, ultimately, lag time in the posting of payments. In sum, Mr. Pomykala's unusual methods of payment starting in September 2003 created the problems for which he seeks now to blame Provident.

Set out below is a month-by-month explanation regarding the posting of payments to Mr. Pomykala's account.

<u>September 2003 payment</u>

According to Provident's records, the subject monthly payment was posted to Mr. Pomykala's account on September 17, 2003. Apparently, Mr. Pomykala remitted this payment via certified mail. Provident determined that it was received by Provident on or before September 15, 2003. To reiterate, the delay in posting to Mr. Pomykala's account was a direct result of the remittance by certified mail to the Post Office Box address. Mr. Pomykala contacted Provident on September 23, 2003, and apparently provided proof of delivery of his monthly payment. On September 24, 2003, the late charge was removed from his account.

<u>October 2003 payment</u>

The October 2003 payment was again remitted via certified mail to the Post Office Box address. The October payment was posted to Mr. Pomykala's account on October 18, 2003. Mr. Pomykala contacted Provident on October 21, 2003, at which time the late fee was again waived. Mr. Pomykala provided evidence to Provident that it was received by Provident on October 14, 2003. On October 22, 2003, Mr. Pomykala was advised to discontinue remitting payments via certified mail to the Post Office Box address. He refused. In an effort to accommodate Mr. Pomykala's continued and unexplained insistence on remitting payments via certified mail, he was advised to send his payment to the physical address of Provident's servicing center in Atlanta, Georgia. (As discussed below, the servicing representative working with Mr. Pomykala believes that she may have failed to provide the suite number with the address at which the payment was to be mailed by Mr. Pomykala, resulting in the November 2003 payment being transferred among various offices in the building until it was eventually tracked down. We are not certain whether she actually failed to do so, and we further note that the suite number is indicated in the monthly billing statements received by Mr. Pomykala.)

The Post Office Box and precise billing address instructions were established to avoid the exact situation in which Mr. Pomykala finds himself. Any deviation from the established billing instructions is likely to result in manual processing, involving multiple

persons, thus increasing the likelihood of delay and/or errors. If Mr. Pomykala had followed the simple remittance instructions, these problems would have been totally avoidable.

November 2003 payment

Notwithstanding that Mr. Pomykala was given the Atlanta address to which to remit the payment, on November 5, 2003, he left a voice mail message to the Provident servicing representative with whom he had spoken during October, 2003 that he was mailing the November payment "per our previous conversation to P.O. Box 741817, Cincinnati, Ohio today."

The servicing representative presumably made the reasonable assumption that Mr. Pomykala was sending the payment to the Post Office Box address by regular mail, as that is what Mr. Pomykala advised her in his voice mail message. A ten-day letter was subsequently mailed to Mr. Pomykala on November 12, 2003 advising that as of the November 10, 2004, the payment due on November 1, 2003 still had not been received. Mr. Pomykala called the servicing representative on November 13, 2003 and advised that, contrary to his prior voicemail message, he had sent a payment to the Atlanta address by certified mail. After ascertaining the address used by Mr. Pomykala, the representative determined that the suite number was not included in the address, resulting in the delay. Mr. Pomykala was then assured that no late fee would be imposed and to disregard to ten-day letter.

At the same time, Provident's representative accommodated Mr. Pomykala to such an extent that she asked him to call her when he deposited future payments in the mail.

As of 10:00 a.m. on November 14, 2003, the U.S. Postal Service's records indicated that the Georgia Post Office had not yet delivered Mr. Pomykala's payment to Provident. Provident's representatives at this time were speaking with the postmasters in Massachusetts and Georgia. Provident again accommodated Mr. Pomykala, told him "not to worry", that Provident would not assess a late fee, and that "we will work it out."

Then Mr. Pomykala called again, on November 17, 2003, to advise that his check had cleared on November 14, 2003 and that he had also received a certified mail receipt showing receipt by Provident on November 10, 2003.

Provident researched this again. Despite inconsistent reports from the U.S. Postal Service, the check was found and posted for November 10, 2003.

December 2003 payment

The December 2003 payment was apparently sent via certified mail to Provident's physical servicing center address in Atlanta. Mr. Pomykala used the wrong zip code, 40354, which apparently is for a location in the State of Kentucky, not Georgia. Although 40354 is not a valid zip code, there is evidence on the records of the U.S. Postal Service of confirmed delivery in zip code area similar to 40354 (i.e., Kentucky) on December 11, 2003. We do not know if there

was actually an erroneous delivery to a location in Kentucky and whether the U.S. Postal Service subsequently delivered the package to Atlanta, but the servicing records indicate evidence of the check being present at Provident's office was on January 7, 2004. We note additional confusion, again attributable to Mr. Pomykala: Mr. Pomykala dated the December 2003 check with the wrong year – December 2004!

Further adding to the confusion is a call from Mr. Pomykala on December 16, 2003, stating that the December 2003 check had been cashed on December 11, 2003. However, he called again on December 22, 2003 and stated that the payment was not posted to the account, meaning that the check he allegedly sent and reported to Provident as cashed had not yet been cashed (and perhaps not yet received) by Provident.

Mr. Pomykala then called back on December 22, 2003, and stated that he would stop payment on the December 2003 check (he never did so) and would make an "on line" payment that day. On December 23, 2003, he called to advise that the payment had been made on the evening of December 22, 2003. On-line payments generally post within 24 to 48 hours, depending upon the time the payment is made. Mr. Pomykala's payment was credited on December 22, 2003, and no late charge was assessed. Importantly, Mr. Pomykala called to complain to Provident that, as of December 29, 2003, the payment amount still had not been withdrawn from his checking account at the local bank. Provident has no control over his account at his local bank. Again, no late fee was charged to Mr. Pomykala.

Mr. Pomykala then called again on January 6, 2004 saying that his "on-line" payment was not processed because he has insufficient funds to cover the check from his local bank account. The missing check then was cleared on January 8, 2004 and the on-line payment (which apparently was subsequently paid from his local bank account) then covered the January 2004 payment that was then due.

According to our records, Mr. Pomykala's February 1, 2004 payment is now due, though it appears he has secured refinancing on his loan with another lender and that his closing is imminent.

In regard to your question regarding Mr. Pomykala's account Loan Summary as shown on the PCFS website as of January 5, 2004, please review the explanation above. The December 2003 and January 2004 payments were posted after the date of the Loan Summary, as discussed above.

In your January 12, 2004 letter, you stated that you attached a "courtesy reminder" dated October 13, 2003, but there was no such attachment to the letter. If you would be so kind as to forward a copy of that "reminder" me, I will be pleased to review it with Provident. The servicing records do indicate that a ten-day letter was mailed to Mr. Pomykala on October 12, 2003, which is an industry standard mortgage servicing practice and helps many borrowers avoid a late charge by reminding them to timely remit payment by the 15th day of the month.

In regard to your January 29, 2004 letter regarding Provident's wrongful continuation of "collection actions" in contravention of your January 12, 2004 letter, allow me to again restate Provident's position that it has not engaged in any such activity since receipt of your letter. If you have specific examples of the activities that Mr. Pomykala is experiencing, please detail these contacts for me so that I may address the precise concerns with Provident.

Lastly, Provident respectfully declines your request to waive Mr. Pomykala's prepayment fee if he pays this loan in full during the prepayment term as more specifically detailed in the related Note. There is no legal basis for this request and we believe, with all due respect, that Mr. Pomykala's problems are self-created. Respectfully, Mr. Pomykala's irrational insistence on sending certified mailings to a Post Office Box address, the erroneous information he provided to Provident on multiple occasions as explained above, his constant complaints to Provident, his constant worry about negative credit bureau reporting, the erroneous statements on multiple occasions that he received foreclosure notices from Provident, his ongoing threats to contact his attorney and to sue Provident as early as October, 2003, and other factors, lead Provident to speculate that perhaps Mr. Pomykala intentionally created the delays and problems about which he now complains. Though we don't yet know his precise circumstances, be advised that in the event that litigation is commenced, we will leave no stone unturned. Provident will not succumb to meritless threats of litigation. Provident believes it has done nothing wrong in this matter and believes that it was more than accommodating to Mr. Pomykala, especially in light of his irrational insistence on sending payments in a method that not only was unauthorized but was completely contrary to his own agreements in his note and mortgage. Accordingly, no offer of settlement is made pursuant to Chapter 93A. Be advised that Provident will vigorously defend itself in any litigation on this matter.

All future correspondence should be directed to my attention. For your information, the enclosed payoff statement was faxed to Attorney John J. Walker at 781-331-6004 on February 6, 2004 in accordance with Mr. Pomykala's request.

We trust that this letter is responsive to your letters. If you have any further questions or concerns, please telephone me.

Sincerely,

Caroline M. Gilroy-Brown

Caroline M. Gilroy-Brown

CMG/sa
Enclosure
cc: Elisa Mills, Esq.

726841_1

February 06, 2004

RONALD J POMYKALA
15 CUSHMAN STREET
781-331-6004
PLYMOUTH MA 02360-0000
Your Reference: dxs

Payoff figures have been requested on the loan for the borrower and property described below.

Loan ID: 0000779213
RONALD J POMYKALA, SS#: 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
15 CUSHMAN STREET
PLYMOUTH, MA 02360-0000
Loan Type: Conventional FHA/VA Case #:

When remitting funds, please use our loan number to insure proper posting and provide us with the borrower's forwarding address. Funds received in this office after 12:00 noon will be processed on the next business day, with interest charged to that date.

All payoff figures are subject to clearance of funds in transit. The payoff is subject to final audit when presented. Any overpayment or refunds will be mailed directly to the borrower. We will prepare the release of our interest in the property after all funds have cleared.

| | |
|---|---|
| Projected Payoff Date | 02/16/2004 |
| Principal Balance | $451,201.88 |
| Interest to 02/16/2004 | $4,210.70 |
| Fees | $ 15.00 |
| Prepayment Penalty | $8,460.04 |
| Release Fees | $ 15.00 |
| Funds owed by Borrower | $0.00 |
| Funds owed to Borrower | $0.00 |
| Total Payoff | $463,902.62 |
| Per diem | $ 92.71 |

The next payment due is 02/01/2004. Payments are made by Billing on a Monthly basis. The current interest rate is 7.5000% and the P & I payment is $3,184.23. .

**PLEASE CALL THE NUMBER LISTED BELOW TO UPDATE FIGURES PRIOR TO REMITTING FUNDS AS THEY ARE SUBJECT TO CHANGE WITHOUT NOTICE.**

PCFS Mortgage Resources,
4221 International Parkway
Suite 150
Atlanta, GA 30354
(770) 909-7979
(866) 729-7237

P01.doc
12/12/2002 1:51 PM

# HARGRAVES, KARB, WILCOX & GALVANI, LLP

Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax (508) 875-7728

February 27, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Caroline M. Gilroy-Brown, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Re: Loan No. 0000779213
Ronald J. Pomykala vs. Provident Financial Group, Inc. and
PCFS Mortgage Resources Division of Provident Bank
2nd Amendment to G.L. Chapter 93A Demand Lètter of 1/12/04 and 1/29/04

Dear Ms. Gilroy-Brown:

Receipt is acknowledged of your letter dated February 11, 2004.

My client paid off the above-stated loan, per my instructions, and he paid the prepayment penalty of $8,460.04 under protest as well as paying the February payment of $3,184.23 under protest.

Demand is herewith made for a full and complete accounting and for a refund of these funds as well as any other funds that your client has wrongfully retained. The refund should have been made within 14 days of your client's receipt of the same. I have opined that it is an unfair trade practice to require my client to demand an accounting as this should have been voluntarily provided by your client.

Query, should I be dealing with you or with the National City Corp., as I have read that they purchased both of your clients? Is the Provident name still being used? Should I be dealing with David A. Daberko, the CEO of National City Corp.?

Your letter o February 11, 2004 to me contained numerous factual errors, such as, but not limited to:

F:\CARTER\POMYKALA\Provident\Gilroy Demand ltr.wpd

EXHIBIT
D

***Page 2, 1st Paragraph***: It was not "for unknown reasons,' but rather per instructions from Tammy Cole, your client's collections' supervisor, that payments were sent to a new addressed (see annexed memo).

***Page 2, 5th Paragraph:*** Ms. Cole did fail to provide a suite number (see memo of 11/13/03).

***Page 3, 3rd Paragraph:*** This information is wrong (see memo of 3/3/03.

***Page 3, 5th Paragraph***: This information is wrong. It was delivered on 12/11/03 (see annexed tracking receipt).

***Page 3, 8th Paragraph:*** This information is wrong as it was delivered on 12/16/03 (see annexed letter from Hopeville Post Office).

***Page 4, 1st Paragraph***: This information is wrong. It was delivered on 12/11/03 (see annexed tracking receipt.)

***Page 4, 2nd Paragraph.*** This check was sent , nothing alleged about it. It was done.

***Page 4, 3rd Paragraph.*** This information is wrong. Mr. Pomykala did, in fact, stop payment.

***Page 4, 4th Paragraph.*** This information is wrong. Mr. Pomykala never said there was insufficient funds in the account.

I also enclose and incorporate by reference herein the following documents:

a. Settlement Statement of 2/10/04;
b. 2/10/04 handwritten memo;
c. 2/10/04 phone pay receipt; and
d. 2/10/04 memo from Tammy Cole.

My client was forced to refinance his mortgage because of the shoddy and/or intentionally negligent mortgage servicing (breach of contract) and it cost him closing costs of $8,500 in cash that he paid directly relating to his new mortgage to Consumer Home Mortgage Corporation of America and demand is made for these funds as well as the prepayment penalty of $8,460.04, the funds that have wrongfully been retained and my attorney's fees, costs and interest. Your clients, simply put, do not know how to service a home mortgage loan.

HARGRAVES, KARB, WILCOX & GALVANI, LLP

Caroline M. Gilroy-Brown
Page 3
February 27, 2004


I have been authorized to file a class action complaint in Plymouth Superior Court and shall seek treble damages if this matte is not resolved within 30 days of your receipt of this letter.

I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosures
cc:    Client

F:\CARTER\POMYKALA\Provident\Gilroy Demand ltr.wpd

EXHIBIT 1

~~Page 1 o~~

**Main Identity**

**From:** "Tammy Cole" <tcole@ilcinc.com>
**To:** <ron.pomykala@verizon.net>
**Sent:** Wednesday, November 05, 2003 11:34 AM
**Subject:** Re: Voice Mail This Morning




I'm presuming it is the address provided to you with your statement. This is a lockbox and as a result is an automated payment processing. Something I can't really assist in tracking, should there be a delay.

As it has already been sent, we'll give a whirl with the address you did send the payment to.

Thank You!
Tammy Cole
Collections Supervisor
Phone #513-639-1342
Fax #513-639-5713 or
tammy.cole@providentbank.com

>>> "ron.pomykala" <ron.pomykala@verizon.net> 11/5/2003 11:29:33 AM
>>>
Thanks Tammy

Is the address the correct one ??

I used

PCFS Financial Services
PO Box 741817
Cincinnati Ohio 45274-1817

Thanks for your help

Ron Pomykala

----- Original Message -----
From: "Tammy Cole" <tcole@ilcinc.com>
To: <ron.pomykala@verizon.net>
Sent: Wednesday, November 05, 2003 11:12 AM
Subject: Voice Mail This Morning

Ron,
I received your voice mail this morning and have updated the account
with regards to the payment being sent today. Wish us luck regarding

EXHIBIT 2

**Main Identity**

**From:** "Tammy Cole" <tcole@ilcinc.com>
**To:** <ron.pomykala@verizon.net>
**Sent:** Thursday, November 13, 2003 3:30 PM
**Subject:** Re: certified mail

Ron,
I am so sorry. You are absolutely correct. The address I was given for Atlanta is missing Suite #150. I do not show the funds posted as yet but, I have documented the account beyond recognition. Please be advised that a 10 day letter was sent to you 11/12. In light of my error, please disregard the letter. Better yet, file it in the trash. I will keep checking your account for the posting of your payment.
Again, I apologize for the confusion.

Thank You!
Tammy Cole
Collections Supervisor
Phone #513-639-1342
Fax #513-639-5713 or
tammy.cole@providentbank.com

>>> "Ron Verizon" <ron.pomykala@verizon.net> 11/13/2003 10:19:26 AM >>>
here is this months payment it was mailed on November 5, 2003 the post office has no record of it. they say that I needed a suite number.

please help
Ron Pomykala

NOTICE: This message, including all attachments transmitted with it, is for the use of the addressee only. It may contain proprietary, confidential and/or legally privileged information. No confidentiality or privilege is waived or lost by any mistransmission. If you are not the intended recipient, you must not, directly or indirectly, use, disclose, distribute, print or copy any part of this message. If you believe you have received this message in error, please delete it and all copies of it from your system and notify the sender immediately by reply e-mail. Thank you.

EXHIBIT #3

**Track/Confirm - Intranet Item Inquiry - Domestic**

Item: 7001 0360 0003 7044 7945

| Destination | ZIP Code: 40354 | City: | State: |
|---|---|---|---|
| Origin | ZIP Code: | City: | State: |

| Event | Date | Time | Location | Scanner ID |
|---|---|---|---|---|
| DELIVERED | 12/[illegible]/2003 | 10:16 | 40354 | K861922 |

(A PS Form 3849, Delivery Receipt, has not been appended to this record. If the item was recently delivered, the Delivery Receipt may not yet have been scanned.)

Enter Request Type and Item Number:

Quick Search ◉ Extensive Search ○

Item Number:

**Inquire on multiple items.**

**Go to the Product Tracking System Home Page.**

**Hapeville Station**

**Attn: Mr. Ron Pomykala**

**RE: PFC**
**4221 International Parkway ste 150**

**Enclosed you will find a copy of the delivered mail piece dated 12/16/2003 I have identified this mail piece as delivered at this unit by the Scanner Id # 861922 however, the zip code was incorrectly entered, once again I apologize for this inconvenience.**

**Sincerely,**
**Deborah Bolton**
**Hapeville Post Office 30354-9998**

# A. Settlement Statement

U.S. Department of Housing And Urban Development

OMB Approval No. 2502-0265

| B. Type of Loan | 6. File Number: | 7. Loan Number: | 8. Mortgage Ins. Case No.: |
|---|---|---|---|
| Conv. Univ. | 03-2194 | 161030786 | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower: | F. Name and Address of Lender: |
|---|---|
| Ronald J. Pomykala, 15 Cushman Street, Plymouth, MA 02360 | Consumer Home Mortgage Corporation of America<br>60 McGrath Highway<br>Quincy, Massachusetts, 02169 |

E. Name and Address of Seller:

Seller's TIN#:

| G. Property Location: | H. Settlement Agent: | Tin #: 04-3418638 |
|---|---|---|
| 15 Cushman Street<br>Plymouth, MA 02360 | John J. Walker, Esq.<br><br>Place of Settlement:<br>775 Pleasant Street, Unit 16, Weymouth, MA. 02189<br><br>City/Cnty of Settlement: Weymouth/Norfolk | I. Settlement Date:<br>February 10, 2004 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract Sales Price | $0.00 | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower (line 1400) | $12,006.03 | 403. | |
| 104. Payoff 1. PCFS Mortgage Resources | $464,088.04 | 404. | |
| 105. Payoff 2. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/Town taxes to | | 406. City/Town taxes to | |
| 107. County Taxes to | | 407. County Taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. 2003 Unpaid RE Tax | $1,373.89 | 409. | |
| 110. 2004 RE Tax | $4,522.56 | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $481,990.52 | **420. Gross Amount Due to Seller** | |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $480,000.00 | 502. Settlement Charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1. | |
| 205. | | 505. Payoff 2. | |
| 206. | | 506. to | |
| 207. | | 507. to | |
| 208. | | 508. to | |
| 209. | | 509 to | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County Taxes to | | 511. County Taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $480,000.00 | **520. Total Reduction Amount Due Seller** | |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $481,990.52 | 601. Gross amount due to seller (line 420) | |
| 302. Less Amount paid by/for borrower (line 220) | ($480,000.00) | 602. Less amount paid by/for seller (line 520) | |
| 303. CASH FROM BORROWER: | $1,990.52 | 603. CASH FROM SELLER: | |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained in Blocks E,G,H and I and on line 401 (or if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service.
If you are required to file a return, a negligence penalty or other sanction will be imposed on you, if this item is required to be reported and the IRS determines that it has not been reported.
SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2110, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 8252 And/or Schedule D (Form 1040). You are required by law to provide (see Box H) with your correct taxpayer identification number. If you do not provide [see box H] with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law, and under penalties of perjury. I certify that the number shown on this statement is my correct taxpayer identification number.

Seller's Signature

| L. Settlement Charges | | | | Paid From Borrowers Funds at Settlement | Paid From Sellers Funds at Settlement |
|---|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on Price | $0.00 @ % = | | | | |
| Division of Commission (line 700) as follows: | | | | | |
| 701. | to | | | | |
| 702. | to | | | | |
| 703. Commission paid at Settlement | | | | | |
| 704. | | | | | |
| 800. Items Payable In Connection With Loan | | | POC | | |
| 801. Loan Origination fee | 1 % | Consumer Home Mortgage Corporation of America | | $4,800.00 | |
| 802. Loan Discount | % | | | | |
| 803. Appraisal Fee | | to | | | |
| 804. Credit Report Fee | | to | | | |
| 805. Processing Fee | | to Consumer Home Mortgage Corporation of America | | $325.00 | |
| 806. Application Fee | | to Consumer Home Mortgage Corporation of America | | $60.00 | |
| 807. Funding Fee | | to Consumer Home Mortgage Corporation of America | | $50.00 | |
| 808. Flood Certification Fee | | to Consumer Home Mortgage Corporation of America | | $12.00 | |
| 809. Tax Service Fee | | to Consumer Home Mortgage Corporation of America | | $70.00 | |
| 810. Underwriting Fee | | to Consumer Home Mortgage Corporation of America | | $515.00 | |
| 811. | | to | | | |
| 812. | | to | | | |
| 813. | | to | | | |
| 814. | | to | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | | | |
| 901. Interest from | 2/17/2004 to 3/1/2004 | @ 81.9300 /day 13 Days | | $1,065.09 | |
| 902. Mortgage insurance premium for | | mo. to | | | |
| 903. Hazard insurance premium for | | 1 yrs. to Flaherty Insurance Agency, Inc. | | $1,021.00 | |
| 904. Flood insurance | | yrs. to | | | |
| 905. | | | | | |
| 1000. Reserves Deposited With Lender | | | | | |
| 1001. Hazard insurance | | months @ | per month | | |
| 1002. Mortgage insurance | | months @ | per month | | |
| 1003. City property taxes | | 3 months @ | $480.90 per month | $1,442.70 | |
| 1007. | | months @ | per month | $0.00 | |
| 1008. Aggregate Accounting Adjustment | | | | ($0.01) | |
| 1100. Title Charges | | | | | |
| 1101. Settlement or closing fee to | | | | | |
| 1102. Abstract or title search to | | | | | |
| 1103. Title examination to | MacInnis Title | | | $219.00 | |
| 1104. Title insurance binder to | | | | | |
| 1105. Document preparation to | | | | | |
| 1106. Notary fees to | | | | | |
| 1107. Attorney's fees to | John J. Walker, Esq. | | | $600.00 | |
| *(includes the above Items Numbers: 1101,1106)* | | | | | |
| 1108. Title insurance to | Fidelity National Title Insurance Company | | | $1,200.00 | |
| *(Title Insurance Commission to Title Agent: $840.00)* | | | | | |
| 1109. Lender's coverage | $480,000.00 | L Prem: $1,200.00 | Endorsement: $0.00 | | |
| 1110. Owner's coverage | $0.00 | O Prem: | | | |
| 1111. Obtain Municipal Lien Certificate | | to John J. Walker, Esq. | | $25.00 | |
| 1112. | | to | | | |
| 1113. | | to | | | |
| 1200. Government Recording and Transfer Charges | | | | | |
| 1201. Recording fees: | Deed | ; Mortgage $177.00 ; Releases $76.00 | | $253.00 | |
| 1202. Recording fees: | Deed | ; Mortgage | | | |
| 1203. State tax/stamps: | Deed $0.00 | ; Mortgage | | | |
| 1204. Record Municipal Lien Certificate | | to Plymouth County Registry of Deeds | | $67.00 | |
| 1205. Record Release of Attachment | | to Plymouth County Registry of Deeds | | $77.00 | |
| 1300. Additional Settlement Charges | | | | | |
| 1301. Survey to DeCelle Engineering | | to | | $125.00 | |
| 1302. Pest inspection | | to | | | |
| 1303. Overnight/Courier Fees | | to John J. Walker, Esq./UPS/Deadline Delivery | | $71.75 | |
| 1304. | | to | | | |
| 1305. | | to | | | |
| 1306. | | to | | | |
| 1307. Wire Fee | | to Weymouth Bank | | $7.50 | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502 Section K) | | | | $12,006.03 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrowers

Ronald J. Pomykala

Sellers

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement

Settlement Agent: ______________________ Date: February 10, 2004

John J. Walker

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title

2/10/04 12 45 PM TRIED TO MAKE A PYMT

1) THE ONLINE WAS DOWN

2) CUSTOMER SERVICE WOULD NOT TAKE A CHECK

THEY SAID I HAD TO TALK WITH THE LEGAL DEPT

THEY TRANSFERRED ME TO RIA MILLER

LEGAL STATUS IS ON THE SYSTEM WILL NOT ACCEPT

SHE WOULD NOT TAKE MY PYMT

---

12:59 PM TRANSFERRED ME BACK TO CUST SERVI[illegible]

1:36 BEEN ON HOLD FOR 37 MINUTES

141 GOT TAMMY COLE ON THE LINE

SHE TOOK PYMT BY PHONE + SENT ME A FAX

PCFS MORTGAGE RESOURCES
4221 INTERNATIONAL PKWY, STE.
ATLANTA GA 30354

February 10, 2004

RONALD POMYKALA
15 CUSHMAN ST
PLYMOUTH MA 02360-4147

**PAYMENT DESCRIPTION**

**Bank:** **COMPASS BANK FOR SAVINGS**
**Bank Account Number:** *********0888**
**Date of Check:** **Feb 10, 2004**

**Payable To:** **PCFS MORTGAGE RESOURCES**
**Amount of Check for Payment:** **$3184.23**

**Customer Reference:** **0000779213**

Dear RONALD POMYKALA:

Based on your authorization during our telephone conversation at 01:38 P.M., Feb 10, 2004, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested.

If you have any questions, or wish to make corrections to the information listed above, please contact Customer Service, at 800-735-4669.

PCFS MORTGAGE RESOURCES
4221 INTERNATIONAL PKWY, STE.
ATLANTA GA 30354

**Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary.**
**This is not a bill. Do not mail payment.**
**Retain this letter for your records.**

**00603590145**