UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br><br>Plaintiff,<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-11956-RWZ |

### DEFENDANTS' ANSWER TO COMPLAINT

The defendants, PCFS Mortgage Resources Division of Provident Bank and Provident Financial Group, Inc. (collectively "Provident"), hereby answer the complaint of the plaintiff, Ronald J. Pomykala ("Pomykala"), as follows:

### Introduction

1.  No response is required to paragraph 1. To the extent a response is required, Provident denies the allegations contained therein.

2.  Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.  Provident admits the allegations contained in paragraph 3, except with respect to whether it comes within the purview of GL c. 93A, which is a question of law.

4.  Provident admits the allegations contained in paragraph 4, except with respect to whether it comes within the purview of GL c. 93A, which is a question of law.

5.  Provident admits the allegations contained in paragraph 5.

# 2322826_v1

6. Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Provident admits the allegations contained in paragraph 7, except with respect to the assignment.

8. Provident admits the allegations contained in paragraph 8. Provident states further that Pomykala failed to remit his mortgage payments in compliance with the manner and terms of payment set forth in the loan documents and related notices.

9. Provident denies the allegations contained in paragraph 9.

10. Provident denies the allegations contained in paragraph 10.

11. Provident denies the allegations contained in paragraph 11

12. Provident denies the allegations contained in paragraph 12. Provident states further that any delays were caused by Pomykala's refusal and failure to remit his mortgage payments in compliance with the manner and terms of payment set forth in the loan documents and related notices. In addition, Provident waived any late fees or other penalties, notwithstanding its right to collect the same because of Pomykala's omissions.

13. Provident denies the allegations contained in paragraph 12. Provident states further that the payments for December, 2003 and January, 2004 were received and properly credited to Pomykala's account, and no late fees or other penalties were charged.

14. Provident denies the allegations contained in paragraph 13. Provident states further that all payments received from Pomykala were properly credited to his account, and no late fees or other penalties were charged.

15. Provident denies the allegations contained in paragraph 15. Provident states further than Pomykala voluntarily chose to (i) ignore and refuse to comply with the manner and

terms for remitting mortgage payments set forth in the loan documents and related notices and (ii) refinance his loan with another lender and thereby incur the prepayment penalty.

16. Provident denies the allegations contained in paragraph 16, except that Provident admits it declined Pomykala's request to waive the prepayment penalty.

17. Provident admits the allegations contained in paragraph 17. Provident states further that it had no obligation to waive the prepayment penalty.

18. Provident admits the allegations contained in paragraph 18. Provident states further that it, at all times, complied with its obligations under the terms of the loan documents, notwithstanding Pomykala's refusal and failure to similarly comply.

## Count I

19. Provident incorporates by reference its answers to paragraphs 1 through 18 and denies the allegations contained in paragraph 19.

## Count II

20. Provident incorporates by reference its answers to paragraphs 1 through 19 and denies the allegations contained in paragraph 20.

21. Provident denies the allegations contained in paragraph 21.

## Count III

22. Provident incorporates by reference its answers to paragraphs 1 through 21 and denies the allegations contained in paragraph 22.

## Count IV

23. Provident incorporates by reference its answers to paragraphs 1 through 22 and denies the allegations contained in paragraph 23.

Count V

24.     Provident incorporates by reference its answers to paragraphs 1 through 23 and denies the allegations contained in paragraph 24.

Count VI

25.     Provident incorporates by reference its answers to paragraphs 1 through 24 and denies the allegations contained in paragraph 25.

26.     Provident denies the allegations contained in paragraph 26.

27.     Provident denies the allegations contained in paragraph 27.

Count VII

28.     Provident incorporates by reference its answers to paragraphs 1 through 27 and denies the allegations contained in paragraph 28.

29.     Provident denies the allegations contained in paragraph 29.

Count VIII

30.     Provident incorporates by reference its answers to paragraphs 1 through 29 and denies the allegations contained in paragraph 30.

31.     Provident denies the allegations contained in paragraph 31.

32.     Provident denies the allegations contained in paragraph 32.

33.     Provident denies the allegations contained in paragraph 33.

34.     Provident denies the allegations contained in paragraph 34.

35.     Provident denies the allegations contained in paragraph 35.

Count IX

36.     Provident incorporates by reference its answers to paragraphs 1 through 35 and denies the allegations contained in paragraph 36.

37.     Provident denies the allegations contained in paragraph 37.

38. Provident denies the allegations contained in paragraph 38.

39. Provident denies the allegations contained in paragraph 39.

## Count X

40. Provident incorporates by reference its answers to paragraphs 1 through 39 and denies the allegations contained in paragraph 40.

41. Provident denies the allegations contained in paragraph 41.

42. Provident denies the allegations contained in paragraph 42, insofar as they state a conclusion of law.

43. Provident admits the allegations contained in paragraph 43.

44. Provident admits the allegations contained in paragraph 44.

45. Provident admits the allegations contained in paragraph 45.

46. Provident admits the allegations contained in paragraph 46.

47. Provident denies the allegations contained in paragraph 47.

## Count XI

48. Provident incorporates by reference its answers to paragraphs 1 through 47 and denies the allegations contained in paragraph 48.

49. Provident denies the allegations contained in paragraph 49.

50. Provident denies the allegations contained in paragraph 50.

51. Provident denies the allegations contained in paragraph 51.

52. Provident denies the allegations contained in paragraph 52.

53. Provident denies the allegations contained in paragraph 53.

54. Provident denies the allegations contained in paragraph 54.

55. Provident denies the allegations contained in paragraph 55.

56. Provident denies the allegations contained in paragraph 56.

57.   Provident denies the allegations contained in paragraph 57.

## Affirmative Defenses

As and for a complete and separate defense, Provident states as follows:

1.   The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.   The plaintiff has failed to satisfy the statutory elements for recovery under 12 U.S.C. §§22601 et seq. (RESPA) and its related regulations.

3.   The plaintiff has failed to satisfy the statutory elements for recovery under 15 U.S.C. §1692 et seq. (Fair Debt Collection Practices Act).

4.   The plaintiff has failed to demonstrate any actual damages and therefore is barred from recovery on all of its claims.

5.   The plaintiff, by his conduct and omissions, breached the terms of the parties' agreement and is thereby barred from recovery thereunder.

6.   The plaintiff, by his conduct and actions, is estopped from any recovery.

7.   Any statements or representations made by Provident were truthful and made in good faith and not defamatory.

8.   Provident did not owe a fiduciary duty to the plaintiff.

9.   Any damages suffered by the plaintiff were caused by his own actions and omissions.

10.   The plaintiff was negligent, which negligence bars or reduces any recovery in this action.

11.   The plaintiff has failed to satisfy the statutory elements for recovery under Mass. G.L. c. 93A.

12. The plaintiff fails to satisfy the elements under Fed. R. Civ. P. 23 to certify a class and act as class representative.

WHEREFORE, the defendants respectfully requests that the complaint be dismissed and they recover their costs in defending this action.

PCFS MORTGAGE RESOURCES, DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.

By their attorneys,

_____
Lawrence R. Kulig (BBO No. 544656)
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Dated: October 15, 2004