UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br><br>Plaintiff,<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-11956-RWZ |

DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

The defendants, PCFS Mortgage Resources Division of Provident Bank and Provident Financial Group, Inc. (collectively "Provident"), submit this memorandum in support of their motion for summary judgment in their favor and against the plaintiff, Ronald J. Pomykala ("Pomykala"), dismissing all of the counts in his First Amended Complaint.[1]

FACTUAL BACKGROUND

The relevant facts are set forth in the Statement of Material Facts Not in Dispute filed herewith. In short, Provident is entitled to summary judgment because it cannot be disputed that (i) Provident never charged or assessed Pomykala a late fee, regardless of when his mortgage payment was received, (ii) Provident properly applied all payments received from Pomykala during 2003 and 2004 -- and remitted to him the daily interest in excess of the payoff of his loan, (iii) Pomykala executed a prepayment premium rider which allowed Provident to charge him the

---

[1] The defendants have simultaneously herewith served a motion for sanctions pursuant to Fed.R.Civ.P. 11 upon plaintiff's counsel, supported by the affidavit of Lawrence R. Kulig, Esq., which they intend to file with the court in 21 days. The defendants believe that this action should have been voluntarily dismissed in accordance wit the court's Scheduling Order.

3 month penalty when he prepaid the loan, and (iv) Provident timely responded to every inquiry from Pomykala -- even when he was refusing to comply with the normal payment process.

## ARGUMENT

I. THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT WHERE THE PLAINTIFF CANNOT DEMONSTRATE ANY ACTIONABLE WRONGFUL CONDUCT, NOR ANY ACTUAL DAMAGES OR LOSS

1. <u>Standard on Motion for Summary Judgment</u>

Summary judgment is appropriate where there are no genuine disputes of fact that are material, so that a party is entitled to prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A fact is "material" only if it has the potential to alter the outcome of the case under the governing law. *Smith v. F.W. Morse & Co., Inc.,* 76 F.3d 413, 428 (1st Cir. 1996). Disputes about other facts are irrelevant and do not prevent the entry of summary judgment. *Rodrigues v. Furtado*, 950 F.2d 805, 809 (1st Cir. 1991).

The moving party need not produce evidence to negate its opponent's claim, *see Celotex Corp.v. Catrett*, 477 U.S. 317, 322 (1986), but may satisfy its burden by demonstrating that the opposing party has insufficient evidence to support its case. Id. A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial and mandate the entry of summary judgment in favor of the moving party. Id.

In the present case, Provident has introduced sufficient evidence that all payments received from Pomykala were properly applied and that Pomykala has suffered no damages; the burden shifts to Pomykala to come forward with admissible evidence (not simply conclusory allegations) supporting his claims. Because Pomykala cannot sustain his burden, summary judgment is appropriate.

2.   Count I / RESPA

The defendants are entitled to summary judgment under Count I of Pomykala's complaint alleging violations of 12 U.S.C. §2601, et seq., the Real Estate Settlement Procedures Act ("RESPA"). Notwithstanding his generalized allegations, Pomykala fails to provide any factual support for how the defendants specifically violated RESPA. The undisputed evidence from the affidavit of Tammy Cole makes clear that Provident provided Pomykala with the requisite notices of transfer under RESPA and thereafter met its obligation under RESPA to timely respond to each of the borrower's inquiries.

More specifically, RESPA provides with respect to notice of the transfer of servicing of the loan:

> Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

12 U.S.C. §2605(c)(1).

The notice of transfer of the servicing must be sent to the borrower within 15 days after the effective date of transfer of the servicing of the mortgage loan. 12 U.S.C. §2605(c)(2).

In the present case, the effective date of the transfer of the servicing of the loan was March 24, 2003. The notice of transfer, according to Provident's records, was mailed out to Pomykala two days later, on March 26, 2003. Therefore, it is clear that Provident complied with RESPA with respect to timely notice of transfer of servicing of the mortgage loan.

With respect to responding to borrower's inquiries, RESPA provides:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. §2605(e)(1)(A).[2]

Similarly, RESPA allows a mortgage servicer up to 60 days to make appropriate corrections to a borrower's account and advise the borrower of the same:

> Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—
>
> > **(A)** make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

12 U.S.C. §2605(e)(2).

Once again, the undisputed evidence as set forth by Tammy Cole is that Provident promptly – oftentimes the same day – responded to inquiries from Pomykala (and certainly responded well within 20 days as required by RESPA).

Moreover, <u>Provident promptly made corrections to Pomykala's account – well within 60 days of any inquiry in accordance with RESPA – and never charged or assessed Pomykala a late fee</u>.

Therefore, because the plaintiff has failed to meet its burden to show any violation of RESPA, the defendants are entitled to summary judgment under Count I.

---

[2] A qualified written request is defined as follows:
> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
> > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. §2605(e)(1)(B).

3.  Count II / FDCPA

The defendants are also entitled to summary judgment under Count II because the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., simply does not apply where, as here, Provident assumed the servicing of Pomykala's mortgage loan while it was current and prior to any default:

> "The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). The term "debt collector" does not include:
>
>> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.
>
> 15 U.S.C. §1692a(6)(G). The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (emphasis added). See also Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003) (assignee servicing loan is not a debt collector if the debt was not in default at time of assignment).

Therefore, since it is undisputed that when Provident assumed servicing of the mortgage loan it was not in default (nor did the loan ever go into default while Providence serviced it), Provident cannot as a matter of law be deemed a "debt collector" and the Fair Debt Collection Practices Act simply is not applicable. Count II must be dismissed.

4. <u>Counts III, VI, VII, VIII / Tort-based Claims</u>

Counts III (credit defamation), VII (negligence) and VIII (intentional misrepresentation) must also fail because they are all based in tort and Pomykala cannot prove that he suffered any damages as a result of Provident's alleged actions or omissions.

It is well recognized that actual damages or loss are an essential required element of a tort claim, and that damage awards are intended to compensate a plaintiff for the actual loss sustained. Where a plaintiff cannot show a specific loss attributable to the alleged breach of a duty of care, there is a failure to establish the damage element of a tort claim – and the plaintiff is not entitled to recover anything, not even nominal damages. <u>Bernal v. Weitz</u>, 54 Mass. App. Ct. 394, 396 (2002) (judgment for defendant notary public dismissing claims of fraud and negligence, notwithstanding false attestation of plaintiff's being present and signing certain mortgage documents, where no evidence of harm attributable to the breach). <u>See</u> also <u>Van Brode Group, Inc. v. Bowditch & Dewey</u>, 36 Mass. App. Ct. 509 (1994) (breach of fiduciary duty claim cannot be sustained without proof of damages).

Pomykala's tort-based claims must be dismissed because there is no evidence of any loss which he sustained as a result of Provident's conduct. It is undisputed that Provident never assessed Pomykala a late fee or any other charge beyond his usual monthly mortgage payment.[3]

---

[3] As set forth in the affidavit of Stephen Gabbard, Pomykala's claims in paragraphs 17-22 of the First Amended Complaint simply have no basis factually or legally. Pomykala misrepresents the 2003 Settlement Statement when he claims he never received credit for "interest paid in advance" (Line 901), or that he was charged a tax fee despite no escrow account being established (line 809). The $947.60 figure in Line 901 is not "interest in advance" paid by Provident but rather a credit for the 5 days prior to the January 6, 2003 closing (1/1/03-1/5/03); similarly, the $78 tax service fee in Line 809 was to a third party vendor to confirm the status of outstanding taxes – and had nothing to do with establishing an escrow account. In addition, the release and fax fees (totaling $45) charged Pomykala in connection with his refinancing are standard. Lastly, Pomykala's allegations that the payoff amount ($461,929.73) was overstated, and Provident failed to remit the excess funds, is incorrect and contradicted by Pomykala's own Settlement Statement which shows that his refinancing attorney forwarded to Provident a reduced payoff amount ($461,095.97), and provident refunded the one day of additional interest ($92.62).

In addition, there is no evidence other than that Pomykala voluntarily chose to refinance his mortgage (and thereby incurred the prepayment penalty).[4]

     5.    <u>Counts IV, V, IX / Contract-based Claims</u>

The contract based counts of the Complaint: Counts IV (breach of contract), V (breach of covenant of good faith and fair dealing), VI (unjust enrichment), and IX (disgorgement of wrongful profits), must also be dismissed because the plaintiff cannot prove three essential elements of his claim: (i) that he performed his obligations under the agreement, (ii) that Provident committed a substantial breach of its obligations, and (iii) that Pomykala suffered damages thereby.

It is well recognized that a party seeking to recover on a claim of breach of contract by the other party must himself have substantially complied with the terms of the contract. <u>Ficara v. Belleau</u>, 331 Mass. 80 (1954); <u>Prozinski v. Northeast Real Estate Services</u>, 59 Mass. App. Ct. 599 (2003). In the present case, <u>it is undisputed that Pomykala -- after five months of complying with the terms of the mortgage agreement by remitting his monthly mortgage payment by regular mail to Provident's post office box in Cincinnati -- voluntarily ceased continuing to do so</u>. By failing to follow the proper procedure for mailing in payments, Pomykala himself failed to comply with the terms of the agreement. He cannot, therefore, seek to hold Provident liable for an alleged breach of the contract where he himself was the person who initially breached. <u>Chaplain v. Dugas</u>, 323 Mass. 91 (1948) (a party to a contract cannot deviate from its terms and then seek to recover under the contract).

Moreover, there is no evidence that Provident committed any "material" breach of the parties' agreement. <u>O'Connell Mngmt. Co. v. Carlyle-XIII Managers, Inc.</u>, 765 F. Supp. 779 (D.

---

[4] In fact, the apparent motivation for Pomykala's refinancing his mortgage was to transition from an adjustable rate (7.50%) mortgage with Provident to a fixed-rate mortgage with his new lender.

Mass. 1991). At most, Provident deviated from the usual payment procedure to accommodate Pomykala's demands. Similarly, because it was Pomykala himself who failed to act in good faith, he cannot seek relief based on the effects of his own breach. Hawthorne's, Inc. v. Warrenton Realty, Inc., 414 Mass. 200, 211 (1993).

Lastly, once again, because Pomykala cannot prove damages as an essential element of his claim, the contract-based counts must be dismissed. Singarella v. City of Boston, 342 Mass. 385, 387 (1961).[5]

6.   Count X / Unfair Trade Practices, G.L. c. 93A

Provident is also entitled to summary judgment as a matter of law on Count X of Pomykala's complaint wherein he claims that Provident engaged in unfair and deceptive conduct in violation of G.L. c. 93A.

G.L. c. 93A was not intended to make actionable every breach of contract. Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc., 754 F.2d 10, 18 (1st Cir. 1985); Madan v. Royal Indemn. Co., 26 Mass. App. Ct. 756, 762 (1989). Rather, it is limited to those rare instances where the wrongful conduct rises to a level of "rascality" beyond the rough and tumble of the business world. Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979). In the present instance, there is not even a breach of contract, let alone fraud or other deceptive conduct. At most, the undisputed evidence shows confusion brought about by Pomykala's failure to send his monthly mortgage payment to the correct address. That is wholly insufficient to prove liability under G.L. Chapter 93A. Moreover, once again, the absence of any damages or loss causally

---

[5] As noted previously, the allegations in paragraphs 17-22 of the First Amended Complaint are factually inaccurate and, therefore, cannot sustain any claims whether based in tort or contract. Simply stated, notwithstanding some confusion in the payment process resulting from Pomykala's own failure to follow the normal process, all of Pomykala's payments were properly applied and he was never charged other than a valid fee.

related to Provident's alleged conduct requires dismissal of the Chapter 93A claim. <u>Trempe v. Aetna Cas. & Sur. Co.</u>, 20 Mass. App. Ct. 448, 457 (1985).

<u>CONCLUSION</u>

For the reasons stated, based on the undisputed material facts, the defendants are entitled to summary judgment dismissing the First Amended Complaint.

                                        PCFS MORTGAGE RESOURCES DIVISION OF
PROVIDENT BANK AND PROVIDENT
FINANCIAL GROUP, INC.

By their attorney,

*/s/ Lawrence R. Kulig*
Lawrence R. Kulig (BBO #544656)
HOLLAND + KNIGHT LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: January 27, 2005