UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br><br>Plaintiff,<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-11956-RWZ |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY
PENDING RULING ON MOTION FOR SUMMARY JUDGMENT**

The defendants, PCFS Mortgage Resources Division of Provident Bank and Provident Financial Group, Inc. (collectively "Provident"), pursuant to Fed. R. Civ. P. 26(c), hereby move for an order staying all discovery until the Court issues a ruling with respect to the defendants' pending motion for summary judgment.

As grounds for their motion, the defendants state:

1.    Pursuant to the court's scheduling order, following receipt of Defendants' Automatic Disclosure, counsel for the plaintiff, Ronald J. Pomykala ("Pomykala"), was to notify Provident on or before January 15, 2005 whether plaintiff intended to proceed with this action or voluntarily dismiss it. Pomykala decided to proceed with the action and filed a First Amended Complaint with the court.

2.    On January 14, 2005, Pomykala also served a First Request for Production of Documents on Provident's counsel. A copy of the Request is attached as Exhibit A. In addition to seeking documents relating to Provident's servicing of Pomykala's individual mortgage loan,

# 2537113_v1

the Request also seeks voluminous documents regarding Provident's servicing of mortgages nationwide. For example, the Request seeks, <u>inter alia</u>:

### REQUEST NO. 14

A printout of all complaints filed with courts or in arbitration against either defendant during the Time Period in the entire United States.

### REQUEST NO. 15

Any and all complaint letters received by the defendants covering any and all alleged unfair trade practices during the Time Period.

### REQUEST NO. 18

Any and all complaints received from the Federal Trade Commission, Federal Deposit Insurance Corporation and the Office of the Controller of the Currency.

### REQUEST NO. 19

Any and all judgments, whether final or not, against the defendants during the Time Period.

### REQUEST NO. 22

Computer printouts showing the borrowers' names and addresses for all mortgage loans serviced by the defendants during the time period.

### REQUEST NO. 23

Any and all documents by auditors, accountants and others that refer to any issues or problems with the defendants' mortgage servicing practices during the time period.

3.  Simultaneous herewith, on January 31, 2005 (in accordance with the court's scheduling order), Provident filed its motion for summary judgment to dismiss the First Amended Complaint on the grounds that, <u>inter alia</u>, Pomykala's allegations either had no basis in fact (and in some instances were directly contradicted by the exhibits attached to the First Amended Complaint) or failed to state a claim under RESPA, the Fair Debt Collections Practices

Act, or the common law counts. (In addition, Provident has served a Rule 11 Motion for Sanctions upon Pomykala's counsel because it believes this action should have been voluntarily dismissed pursuant to the scheduling conference.)

4. Rule 26(c) of the Federal Rules of Civil Procedure provides that, for good cause shown, a party may be entitled to an order to protect the party from undue burden and expense of discovery, including an order "that the discovery not be had." Fed. R. Civ. P. 26(c)(1).

5. More specifically, litigants may be denied an opportunity for discovery if their complaints and affidavits have "not made even a minimal showing warranting the requested discovery." MacKnight v. Leonard Morse Hosp., 828 F.2d 48, 51 (1st Cir. 1987). "[D]iscovery cannot be used as a vehicle for discovering a right of action." *Id.* at 52, quoting 4 Moore's Federal Practice par. 26.56[1], at 36-95 n.3 (1987). Having failed to make a minimal, threshold showing that there is a factual basis to support their complaint, litigants are not entitled to discovery prior to disposition of a motion for summary judgment. MacKnight v. Leonard Morse Hosp., *supra* at 51-52.

6. In the present instance, Provident is entitled to a protective order since it has filed a meritorious motion for summary judgment. Pomykala's First Amended Complaint is wholly *without merit and has no factual basis or support (and is subject to Rule 11 sanctions).* Pomykala is not entitled to go on a "fishing expedition" at the expense of Provident (seeking production of voluminous documents regarding all loans "nationwide"), where the plaintiff has failed to make a minimal showing of a valid claim.

WHEREFORE, the defendants request that their motion for a protective order be allowed and all discovery be stayed pending a ruling from the court on the defendants' motion for summary judgment.

Respectfully submitted,

DEFENDANT PCFS MORTGAGE RESOURCES,
DIVISION OF PROVIDENT BANK

By its attorneys,

HOLLAND & KNIGHT LLP

*/s/ Lawrence R. Kulig*

Lawrence R. Kulig (BBO No. 544656)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Date: January 22, 2005

# 2537113_v1                              4