EXHIBIT A
*(Defendants' Motion for a Protective Order to Stay
Discovery Pending Ruling on Motion for Summary Judgment)*

# HARGRAVES, KARB, WILCOX & GALVANI, LLP
Attorneys at Law

Evans J. Carter, P.C.

550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

Telephone (508) 620-0140
Telefax    (508) 875-7728

# MEMO VIA FAX AND MAIL [617-523-6850]

**To:**      Larry Kulig, Esq.
**From:**    Evans J. Carter, Esq.
**Subject:** Pomykala, et al. v. Provident Financial Group, Inc., et al.
**Date:**    January 14, 2005

The critical issue in this case is your client's practice of not giving credit for payments received on the <u>date</u> received. Your client, today, has not addressed this issue.

Enclosed is plaintiff's First Request for Production of Documents.


EJC/aec
Enclosures

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br>Plaintiff<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br>Defendants | CIVIL ACTION NO. 04-11956 RWZ |

**FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS BY THE PLAINTIFF TO THE DEFENDANTS**

Pursuant to F.R.C.P. No. 26 and 34, the plaintiff requests that the defendants, produce all documents in each category set forth below which are in their possession, custody, or control for inspection and copying. The said documents are to be produced at the offices of Hargraves, Karb, Wilcox & Galvani, LLP, 550 Cochituate Road, P.O. Box 966, Framingham, Massachusetts 01701-0966, within thirty (30) days from the date of this request, or at such other time and place as may be agreed upon by counsel. The following instructions govern this request:

**DEFINITIONS**

1. This request requires supplemental or amended responses to the extent required by Rule 26(e) of the F.R.C.P. In addition, this request shall be deemed to be a continuing request for supplemental or amended responses pursuant to Rule 26(3)(3) of said rules.

2. If any request is objected to on the grounds of attorney-client privilege or on the grounds of privilege for material prepared in anticipation of litigation or for trial:

    a. Sufficient information must be provided to:

        i) Permit the allegedly privileged document to be identified in a motion to compel; and

        ii) Explain the basis for the claim of privilege in order that a court can determine its propriety.

    b. Any allegedly privileged documents must be identified by author, date and intended recipient.

3.  As used herein, the words and phrases set out below shall have the following meanings:

4.  To the extent necessary to bring within the scope of the interrogatories contained herein any responses that might otherwise be construed as outside their scope, (a) the word "or" means "and/or"; (b) the word "and" means "and/or"; (c) the word "all" means "any and all"; and (d) the singular includes the plural and the plural includes the singular.

5.  <u>Concerning</u> – The term "concerning" means referring to, describing, evidencing, or constituting.

6.  <u>Document</u> – The term "document" or "documents" mean all tangible information within the meaning of Rule 26 and 34 which is or could be reduced to paper form and includes all information or stored via hard copy, computer memory, computer disk, microfilm or otherwise.

7.  <u>"Identify" (with respect to documents)</u> – When referring to documents, the phrase "identify" means: give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; (d) author(s), addressee(s), and recipient(s).\

8.  <u>"Identify" (with respect to persons)</u> – When referring to a person, the phrase "identify" means: give, to the extent known, the person's full name, present or last known address and present or last known place of employment

9.  <u>Person</u> – The term "person" means any natural person or any business, legal, or governmental entity or association.

10. <u>Time Period</u> – The term "time period" shall mean anytime between January 7, 1997 until today.

## DIRECTIONS

1.  In producing documents in response to this request, you are requested to furnish all documents in your possession, custody, or control that are known or available to you, regardless of whether those documents are possessed by you or by any agent, attorney representative, or employee. You must make a diligent search of your records and of other papers and material in your possession or available to you or your attorneys or other representatives.

2.  When responding to this request, you are requested to respond in writing and state as to each request:

    a.  That there are documents responsive to the request and that they will be produced;

    b.  That there are documents responsive to the request but that you refuse to produce them, in whole or in part, because of a claim of privilege or for some other reason you specify in your response; or

      c.      That there are no documents responsive to the request.

3. If you assert any privilege in responding to this request, specify in each instance the type of privilege asserted, specify the basis for the assertion, state all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all communications and documents as to which you claim a privilege.

4. As to any document called for in this request which no longer exists, but which you are aware existed at one time, please identify such document(s) and, in addition, identify the last known location and reason such document(s) is no longer in existence.

5. In the event that you object to any request set forth below on the basis of a contention that if over broad for any reason, please respond to that request narrowed in such a way as to render it not over broad in your opinion and state the extent that you have narrowed that request for the purposes of your response.

## DOCUMENTS TO BE PRODUCED

Documents to be produced are all documents specified in paragraphs 1 through 37 below and all documents which directly or indirectly, in whole or in part, constitute evidence, record, reflect, substantiate, describe, summarize, identify or refer in any way to the subjects named in paragraphs 1 through 37 below.

## REQUEST NO. 1

Defendants' complete file covering the mortgage loan transaction of 1/6/03 and servicing thereof with the plaintiff.

## REQUEST NO. 2

All correspondence by and between the defendants with the Any Loan Company, National City Mortgage, New Century Mortgage Corporation, and Joanne Duffy, Esq., relating to the 1/6/03 mortgage loan and all written documents with each of these persons and entities during the time period and the documents which show all funds paid between these entities.

## REQUEST NO. 3

With regard to Exhibit D annexed to the plaintiff's amended complaint, PCFS loan history statement:

      a.      All documents which in any way reflect how the $467.90 interest prepayment (from line 901 of Exhibit A annexed to the amended complaint) were treated, credited and accounted for;

      b.      Each document or record used to compile this loan history statement;

  c.  Worksheet and computations which formed the basis for refunding $92.62 escrow refund on 3/17/04;

  d.  Written policies with all notices to borrowers covering 2/19/04 entry for release fee ($15), payoff fax fee ($15), and fax service fee ($15);

## REQUEST NO. 4

Records whether $25 on or about 5/13/03 was charged to the plaintiff as a check by phone fee and the defendants' written policies covering this.

## REQUEST NO. 5

All records which show if on or about 2/18/04, prior to 12:00 p.m., bank funds totaling $461,929.73 were received from Attorney Walker and precisely how these funds were applied.

## REQUEST NO. 6

Records, policies, purpose statement and reasons as to why $78 was charged on the Settlement Statement at line 809 (Exhibit A annexed to the amended complaint).

## REQUEST NO. 7

All documents and computation sheets used to prepare the IRS Form 1098 Summary (part of Exhibit D annexed to the amended complaint).

## REQUEST NO. 8

All records and documents which show or establish the date and time that all payments, including the payment of the payoff on 2/18/04, were received.

## REQUEST NO. 9

Any and all policies which state:

  a.  What a business day is;

  b.  When mortgage payments are to be applied after receipt; and

  c.  Any policies, rules or practices referring to or promulgated pursuant to the Real Estate Settlement Procedures Act (12 U.S.C. 2605 et. Seq.)

## REQUEST NO. 10

The amortization schedule used to determine the mortgage payoff amounts.

**REQUEST NO. 11**

All memos, notes and the like prepared by employees covering the Pomykala Mortgage Note and the servicing of said loan.

**REQUEST NO. 12**

All accountings, information and records covering the Pomykala mortgage loan in additoin to the Loan History Statement..

**REQUEST NO. 13**

Any and all memos (interoffice included) made in any way concerning or mentioning the plaintiff's account and/or action taken with regard to said account.

**REQUEST NO. 14**

A printout of all complaints filed with courts or in arbitration against either defendant during the Time Period in the entire United States.

**REQUEST NO. 15**

Any and all complaint letters received by the defendants covering any and all alleged unfair trade practices during the Time Period.

**REQUEST NO. 16**

The background and business experiences, curriculum vitae, resumes, with all positions held to date with the defendants, of Tammy Cole and Elisa Mills.

**REQUEST NO. 17**

The defendants' organizational charts which list Tammy Cole and Elisa Mills' positions, with the names and providing up and down of all supervisors and subordinates, during the Time Period.

**REQUEST NO. 18**

Any and all complaints received from the Federal Trade Commission, Federal Deposit Insurance Corporation and the Office of the Controller of the Currency.

**REQUEST NO. 19**

Any and all judgments, whether final or not, against the plaintiffs during the Time Period.

**REQUEST NO. 20**

Any and all documents which the defendants intend on introducing into evidence or showing to any witnesses at the trial of this matter or as part of any motions for summary judgment.

**REQUEST NO. 21**

Any and all statements made by anyone relating to the allegations in the amended complaint.

**REQUEST NO. 22**

Computer printouts showing the borrowers' names and addresses for all mortgage loans serviced by the defendants during the time period.

**REQUEST NO. 23**

Any and all documents by auditors, accountants and others that refer to any issues or problems with the defendants' mortgage servicing practices during the time period.

**REQUEST NO. 24**

Schedules of any and all persons contacted, spoken with, corresponded with, e-mailed, or interviewed as part of investigations, interviews, evaluations, or assessments of the plaintiff's complaint and/or actual alleged and/or suspected violations of law or company policies during the Time Period.

**REQUEST NO. 25**

Any and all documents, correspondence, e-mails and memos of oral conversations between the defendants and any person questioned or who had any documents as part of investigations, interviewed, evaluations, or assessments of the plaintiff's complaint and/or actual, alleged and/or suspected violations of law or company policies.

**REQUEST NO. 26**

The defendants' loan policies as approved by bank regulators dealing with mortgage servicing.

**REQUEST NO. 27**

All notes, memorandum and records of Tammy Cole covering the Pomykala mortgage loan during the Time Period.

**REQUEST NO. 28**

Any and all correspondence, communications, e-mails and agreements between the defendants

and heir agents and potential, actual or intended or any contacted witnesses during the Time Period.

**REQUEST NO. 29**

Any and all insurance policies covering defendants and all correspondence with any insurer, agent, broker, or other party concerning any actual or potential claims related to any facts alleged in plaintiff's Complaint.

**REQUEST NO. 30**

All documents, excluding any defendants' attorney's work product that refer to, comment, or otherwise support any and all the factual basis of all of the defendants' defenses in this action.

**REQUEST NO. 31**

All documents, including statements concerning or relating to the plaintiff's claims authored, prepared, taken, or attributable in any way to the defendants before legal counsel was assigned or which are not privileged.

**REQUEST NO. 32**

All documents which refer to, comment on, or otherwise constitute statements by any of the defendants concerning the plaintiff's claims during the time period.

**REQUEST NO. 33**

Any and all communications, e-mails and correspondence with expert witnesses or those contacted at any time to be expert witnesses or to provide expert assistance including, but not limited to, fee agreements, curriculum vitae, documents provided to them and by them, all opinions, notes and comments covering or related to in any way to the plaintiff's claims during the time period.

**REQUEST NO. 34**

Any and all correspondence, communications, e-mails and agreements with former employees of the defendants during the Time Period concerning the plaintiff.

**REQUEST NO. 35**

Any and all documents which in any way support the defendants' affirmative defenses.

**REQUEST NO. 36**

All policies, time and date stamping equipment showing when payments are received and when they are applied.

**REQUEST NO. 37**

      Any and all contracts or agreements with others covering the $78.00 collected form the plaintiff for "tax service fee," per line 809 of the Settlement Statement.

Ronald J. Pomykala, Plaintiff
By his Attorney

_____
Evans J. Carter (BBO #076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road – P.O. Box 966
Framingham, MA  01701-0966
(508) 620-0140

Dated: January 14, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each party by messenger on this 14th day of January, 2005.

_____
Evans J. Carter, Esq.