UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br>　　　　　　　　　　　　Plaintiff<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br>　　　　　　　　　　　　Defendants | Civil Action No. 04-11956 RWZ |

**PLAINTIFF'S MEMORANDUM OF LAW FILED IN SUPPORT
OF HIS CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

$78.00 was charged to and collected from the plaintiff at the mortgage loan closing held on January 6, 2003. (See line 809 of the Settlement Statement which is Exhibit A annexed to the Complaint.)

In the Affidavit of Stephen Gabbard, as Vice President of Provident, he states that it is not really a "tax service fee," (misnomer) as stated on the settlement statement, but, rather, a "tax certification fee" as the purpose is to certify that the real estate taxes have been paid.

This is a clear <u>duplication</u> of charges and, therefore, an unreasonable charge pursuant to the U.S. Department of Housing and Urban Development's ("HUD") October 15, 2001 Statement of Policy 2001-1 ("SOP"), clarifying HUD's previous informal interpretation regarding the application of Section 8(b) of the Real Estate Settlement Procedures Act ("RESPA") to unearned fees and "up-charges" which interprets under RESPA and prohibits "unreasonable fees" for any settlement services.

It is noteworthy that on line 1111 of the Settlement Statement, $25.00 was charged for

obtaining a "MLC" (Certificate of Municipal Liens) and on line 1205, $16.00 was charged to record the MLC. A lien for municipal taxes is destroyed by payment of the tax due (including any additional taxes due since the lien was created), or by the recording of a municipal lien certificate. M.G.L. Chapter 60, Section 23. This certificate is issued by a tax collector, upon written request and the payment of the statutory charge and, if recorded within 150 days after its date, will discharge the lien for all taxes not shown on the certificate.

Query, why would a "tax service fee" or even a "tax certification fee" be required or be reasonable since the MLC serves this purpose? The defendant fails to address this point in its summary judgment documents. For example, what additional benefit does the mortgagee receive for said fee? The answer is none, but this is another profit for the original mortgagee. Also, it is submitted that this is precisely the type of issue that is appropriate for class action certification since it amounts to millions of dollars to mortgagees but any individual plaintiff's claim are of the so-called "negative value" as the value is in all class members claims. It is submitted that, as a matter of law, said $78.00 charge is unreasonable.

As shown in the Affidavit of Ronald J. Pomykala, Provident does not post mortgage payments received before 12:00 p.m. on that date and sometimes not even the next day.

As shown in the Affidavit of Evans J. Carter, Esq., Provident does not comply with the "qualified written request" provision of RESPA, which is an unfair trade practice.

Plaintiff's complaint alleges that Provident engaged in unfair and deceptive conduct in violation of G.L. c. 93A, Section 9.

Demand letters were sent to Provident and Provident made no settlement offers. (See affidavit of Evans J. Carter, Esq.)

The plaintiff is a consumer within the purview of G.L. Chapter 93A, Section 9 as the transaction in question covers the financing (mortgage) on his personal residence and the servicing of said home mortgage.

Subsection 4 of Section 9 requires the court, if it finds a violation of Section 2, to award, irrespective of the amount in controversy, reasonable attorney fees and costs incurred in connection with the action (even if only actual or nominal damages are awarded) except that attorney fees and costs incurred after the rejection of a reasonable written offer of settlement made within 30 days of the written demand for relief are not recoverable.

Damages may be recoverable under Section 9 even though the plaintiff has not actually sustained a loss. In Leardi v. Brown, 394 Mass. 151, 474 N.W.2d 1094 (1985), for example, damages were recovered where a landlord included an unlawful provision in a printed lease form but never attempted to enforce the unlawful provision against the plaintiff. Under circumstances where there has been an invasion of a legally protected interest but no harm for which actual damages can be awarded, the statute provides for recovery of minimum damages in the amount of $25. Leardi v. Brown, 394 Mass. at 160, 474 N.W.2d at 1101.

The Massachusetts Attorney General's regulation covering consumer related violations of G.L. Chapter 93A states, at 940 CMR 3.16:

> Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c. 93A, s. 2 if:
>
> (1) It is oppressive or otherwise unconscionable in any respect; or
>
> (2) Any person or other legal entity subject to this act fails to disclose to a buyer or prospective buyer any facts, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction; or
>
> (3) It fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of the Commonwealth protection; or

(4) Violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other Federal consumer protection statutes within the purview of M.G.L. c. 93A, s. 2.

Also, a violation of the covenant of good faith and fair dealing can be an unfair trade practice. First Mutual Bank for Savings v. Bay Street Dev. Corp., 18 M. L.W. 1555 (5/7/90).

It is submitted that all of Provident's actions taken together unquestionably constitute willful and knowing unfair trade practices. Pursuant to said statute, the plaintiff is entitled to their reasonable attorney' fees and litigation cots even if his damages are only $1.00.

## CONCLUSION

For the reasons stated, based on the undisputed material facts, the plaintiff is entitled to partial Summary Judgment.

Respectfully submitted,

RONALD J. POMYKALA,, Plaintiff
By his Attorney

Evans J. Carter, Esq. (BBO # 076560)
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road - Post Office Box 966
Framingham, MA  01701-0966
(508) 620-0140

DATED: February 11, 2005