UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br><br>Plaintiff,<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-11956-RWZ |

## DEFENDANTS' MOTION PURSUANT TO RULE 11 FOR SANCTIONS

The defendants, PCFS Mortgage Resources Division of Provident Bank and Provident Financial Group, Inc. (collectively "Provident"), pursuant to Fed. R. Civ. P. 11, move for sanctions against the plaintiff, Ronald J. Pomykala ("Pomykala"), and his counsel for filing a First Amended Complaint wherein (1) certain claims have no basis under well-established existing statutory law (which they were previously made aware of) and (ii) the other remaining claims are based on factual allegations which have no evidentiary support (and, in fact, are inconsistent with and contradicted by exhibits attached to the First Amended Complaint).

This motion is supported by the Affidavit of Lawrence R. Kulig, Esq.

As grounds for their motion, the defendants state:

1.  Rule 11 of the Federal Rules of Civil Procedure provides:

    (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written notice, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or <u>needless increase in the cost of litigation</u>;
>
> (2) the <u>claims</u>, defenses, and other legal contentions therein are <u>warranted by existing law</u> or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) <u>the allegations and other factual contentions have evidentiary support</u> or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(emphasis added).

      2.     In <u>Lichtenstein v. Consolidated Services Group, Inc.</u>, 173 F.3d 17, 23 (1st Cir. 1999), the First Circuit Court of Appeals stated:

> Whether a litigant breaches his or her duty to conduct a reasonable inquiry into the facts and the law "depends on the <u>objective reasonableness of the litigant's conduct under the totality of the circumstances</u>." *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir. 1992). The factors to be assessed may include "the complexity of the subject matter, the party's familiarity with it, the time available for the inquiry, and the ease (or difficulty) of access to the requisite information." *Id.*

(emphasis added).

      3.     In the present instance, Pomykala and his counsel, pursuant to the court's scheduling order, were provided or had available to them sufficient information and documentary evidence to determine that the claims alleged in the First Amended Complaint were entirely without merit and in many instances without any factual support. Nevertheless, Pomykala and his counsel proceeded to file the First Amended Complaint -- having been forewarned that they were doing so at the risk of defendants' filing both a motion for summary judgment and a motion for sanctions under Rule 11. As set forth herein, applying the "objective reasonableness" standard, Pomykala and his counsel did not and could not have reasonably had a basis for pursuing the claims in the First Amended Complaint.

4. More specifically, during the Scheduling Conference held on November 16, 2004, Pomykala's counsel claimed that Provident wrongfully failed to credit payments made by Pomykala on the date received. Provident responded that its loan history showed that (i) it properly applied all payments received by Pomykala against the outstanding loan balance, and (ii) it never charged or assessed Pomykala any late fee (regardless of when the payment was received and/or posted to the account). The court itself questioned how Pomykala could have been injured by the alleged practice of Provident's failing to post payments on the date received -- if it never assessed or charged the borrower a late fee. Pomykala's counsel was unable to provide a satisfactory response. In addition, Provident noted that certain of the counts in the original Complaint -- for example, the alleged violation of the Fair Debt Collection Practices Act ("FDCPA") -- were not applicable as a matter of law because the mortgage loan was not in default at the time Provident commenced servicing it (nor has it ever been declared in default) and advised that it was prepared to immediately file a motion for summary judgment because it believed the claims had no merit and Pomykala had suffered no loss or injury as a result of any alleged "delays".

5. As a result of the conference, the court issued a scheduling order as follows:

    (i)    Provident to file its automatic discovery disclosure on or before December 10, 2004;

    (ii)    Plaintiff to inform Provident by January 15, 2005 whether it will dismiss its suit or go forward; and

    (iii)    Provident to file its motion for summary judgment (if necessary) by February 1, 2005.

6. In accordance with the scheduling order, on December 3, 2004, Provident served Defendants' Automatic Required Disclosure upon plaintiff's counsel. The Disclosure included Provident's Loan History Summary which demonstrated that Pomykala was never charged any

late fees (regardless of when the payment was received), thus negating his claim that he was somehow injured by Provident's delay in failing to post payments on the date received.

7. On December 9, 2004, plaintiff's counsel sent a fax claiming that Provident improperly charged a prepayment penalty equal to three months interest ($8,460.04) and that the mortgage note allowed the borrower the right to prepay the note without any prepayment charge.

8. In response, on December 16, 2004, Provident forwarded to plaintiff's counsel a copy of the Prepayment Rider, which Pomykala had executed, and which modified the terms of the note. Presumably this resolved the issue of the alleged wrongful prepayment premium.

9. Thereafter, in a fax dated January 7, 2005, plaintiff's counsel identified a litany of problems or claims arising from the loan history statement including:

> (i) that Pomykala allegedly paid interest in advance of $467.90 (per the 2003 Settlement Statement);
>
> (ii) that PCFS received a payoff of $461,929.73 in 2004 and failed to refund interest to Pomykala;
>
> (iii) that Pomykala was charged a tax service fee in 2003 but no real estate tax escrow account was established;
>
> (iv) that Pomykala was improperly charged various fees for telefaxes and releases in connection with his refinancing in 2004.

(These allegations would later be inserted verbatim as paragraphs 17-22 of the First Amended Complaint).

10. In response, on January 13, 2005, Provident faxed a letter to plaintiff's counsel responding to the allegations he most recently raised. In particular, Provident noted that:

> (i) he misread his own client's 2003 Settlement Statement and the $467.90 was not interest paid by Pomykala, but rather a credit he received;
>
> (ii) PCFS only received and properly applied monies it was due from the refinancing in 2004 and returned the excess $92.62 to his client;

  (iii) the $78 tax service fee was charged by the original lender (not Provident) and had nothing to do with setting up an escrow account;

  (iv) the various $15 fees were standard because Pomykala's refinancing attorney wanted the payoff documents faxed, rather than mailed, to him.

Lastly, Provident specifically noted that it did not believe that plaintiff could continue to advance these claims in good faith based on the documentation provided or available and that, unless the case was dismissed, Provident would file a motion for summary judgment as well as a motion for sanctions pursuant to Rule 11.

  11. Thereafter, on January 14, 2005, plaintiff's counsel served a First Request for Production of Documents (which requests, inter alia, documents regarding Provident's servicing of mortgages across the "entire United States"), together with a short memo reciting "the critical issue in this case is your client's practice of not giving credits for payments received on the <u>date</u> received. Your client, today, has not addressed this issue." (Provident had understood this allegation was no longer an "issue," since the loan history summary had demonstrated that Pomykala had not been charged any late fees.)

  12. Provident was also informed that on January 15, 2005, (the date by which Pomykala was to decide whether to voluntarily dismiss the case), Pomykala filed his First Amended Complaint, purporting to be a class action.

  13. As noted in the affidavits and memorandum in support of Provident's motion for summary judgment filed with this court:

  (i) Plaintiff was informed at the scheduling conference that his FDCPA claim was inapplicable as a matter of law, yet he continues to pursue it;

  (ii) Plaintiff has still failed to show how he has been harmed by Provident's alleged failure not to post payments on the date received, since he was never charged a late fee (yet in Count VIII he seeks recovery for "late charges") ;

 (iii) Plaintiff continues to assert that somehow Provident illegally enforced the prepayment provision (although he was provided a copy of the prepayment rider which plaintiff signed); and

 (iv) Plaintiff has made factual allegations regarding alleged interest payments and payoffs which misrepresent the terms of, and are inconsistent with and contradicted by, the very exhibits attached to the First Amend Complaint (and, in particular, the plaintiff's own two Settlement Statements from 2003 and 2004).

14. With respect to paragraph 13(iv) above, more specifically, Pomykala has alleged in his First Amended Complaint:

- in paragraph 17 that the amount of $487.90 from line 901 of the 2003 Settlement Statement was interest he paid in advance for the period from 1/6/03 – 2/1/03 (for which he claims he never received credit) -- this is absolutely false: line 901 is not interest "paid" by Pomykala, but rather a credit (the $487.90 is in parentheses) and the statement expressly states that it is for the period of 1/1/03 – 1/6/03 (i.e., the 5 days prior to the closing at $93.58/day);

- in paragraph 19(a), Pomykala tries to assert liability against Provident for a $78 fee which he claims was for a real estate tax escrow account which was never set up. This allegation is also entirely false -- line 809 of the Settlement Statement identifies the $78 as a standard fee for a third party vendor to confirm the status of outstanding taxes. It has nothing to do with an escrow account;

- in paragraph 18, Pomykala alleges that Provident was improperly overpaid $481,929.73 from the refinancing (and failed to refund interest to Pomykala). This, too, however is blatantly false. Line 104 of Pomykala's Settlement Statement specifically shows that Provident only received a payoff of $481,095.97 (and then refunded $92.62 in interest to Pomykala).

15. The allegations in the First Amended Complaint are entirely false and void of any factual support. Moreover, Pomykala's own documents contradict many of the allegations he makes.

16. Provident submits that this most recent bad faith conduct corroborates its suspicion that this entire action was brought in bad faith as a manufactured claim. As set forth in the affidavit of Tammy Cole, for almost six months after the transfer of servicing of the

mortgage to Provident, Pomykala complied with the written payment process – thereafter, starting in the summer of 2003 for no explainable reason, Pomykala began refusing to comply with the normal process. While Provident bent over backwards to accommodate him, in retrospect it now appears that Pomykala (who has apparently been a member of other class actions) was in the process of fabricating a claim.

17. Provident submits that this type of conduct should not be condoned and is the rationale underscoring Rule 11. Provident is entitled to summary judgment and an award of its attorneys fees and costs for defending this frivolous action.

Respectfully submitted,

DEFENDANT PCFS MORTGAGE RESOURCES, DIVISION OF PROVIDENT BANK

By its attorneys,

HOLLAND & KNIGHT LLP

_____
Lawrence R. Kulig (BBO No. 544656)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Date: January 27, 2005

# 2537162_v1

7