UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD J. POMYKALA, individually and
on behalf of Class Members,

Plaintiff,

v.                                                    CIVIL ACTION NO. 04-11956-RWZ

PCFS MORTGAGE RESOURCES DIVISION
OF PROVIDENT BANK and PROVIDENT
FINANCIAL GROUP, INC.,

Defendants.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE AFFIDAVIT OF STEPHEN GABBARD

The defendants, PCFS Mortgage Resources Division Of Provident Bank and Provident

Financial Group, Inc. (collectively "Provident"), hereby oppose the motion of plaintiff, Ronald J.

Pomykala ("Pomykala"), to strike the Affidavit of Stephen Gabbard ("Gabbard").

As grounds for opposition, Provident states:

1.      Gabbard's Affidavit is admissible since he is a Vice President with Provident and

his testimony is based upon personal knowledge and/or his review of Provident's loan file

regarding Pomykala's loan.  The loan file which is maintained incidental to Provident's

residential mortgage loan business consists of business records which are admissible into

evidence.  Gabbard is certainly qualified, as Vice President of Provident, to testify with respect

to the circumstances and information set forth on Provident's business records regarding the

servicing of Pomykala's mortgage loan which is the subject matter of this action.  (Gabbard

Affidavit, paragraphs 1, 2).  See Catawba Indian Tribe v. State of South Carolina, 978 F.2d 1334

(4th Cir. 1992), cert. denied, 113 S.Ct. 1415 (1992) (affirming admissibility of corporate officer's

affidavit in support of summary judgment since officers have personal knowledge regarding acts of their corporation).

2.    Gabbard's testimony incorporates his review of the settlement statements from Pomykala's original loan closing in January, 2003 (which mortgage loan was subsequently serviced by Provident), as well as Pomykala's refinancing in February, 2004 (which paid off the Provident loan).  As Vice President of Provident (which has serviced thousands of residential mortgages), Gabbard certainly is competent to testify with respect to his personal knowledge of the residential mortgage closing process, including the nature of the items identified on a residential closing settlement statement.

3.    With respect to the settlement statement from the original closing (January, 2003) -- because that loan was serviced by Provident, Gabbard is competent to testify with respect to items listed on the settlement statement, including:

(i)     the calculation of interest prior to the closing; and

(i)     the purpose for the $78.00 tax service fee (and why it is not related to establishing a real estate tax escrow account).

(Gabbard Affidavit, paragraphs 3, 4).

4.    Similarly, with respect to the settlement statement from the refinancing (February 2004) -- because that refinancing paid off Provident's loan, Gabbard is competent to testify (based upon his review of Provident's loan file) regarding:

(i)     the amount of interest which was due Provident as part of the payoff (and the amount that was actually received by Provident);

(ii)    the basis for, and amount of, the prepayment penalty which Pomykala was required to pay Provident; and

(iii)   the nature of the fees (e.g. mortgage release fee, fax fee, etc.) which Pomykala was charged.

(Gabbard Affidavit, paragraphs 5, 6, 7, 8).

5.      In summary, as Vice President of Provident, Gabbard was competent and authorized to testify with respect to these items.  If Gabbard's explanation of these items from the settlement statements were incorrect, Pomykala certainly could have obtained and introduced affidavits from his counsel at these two closings to refute Gabbard's testimony.

6.      Pomykala's motion to strike Gabbard's affidavit must also be denied because Pomykala has <u>misrepresented</u> specific items and calculations on the two settlement statements, and Gabbard is competent to explain why Pomykala's statements are factually incorrect.

PCFS MORTGAGE RESOURCES, DIVISION OF
PROVIDENT BANK and PROVIDENT
FINANCIAL GROUP, INC.

By their attorneys,

HOLLAND & KNIGHT LLP


/s/ Lawrence R. Kulig
Lawrence R. Kulig (BBO No. 544656)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Date:  February 24, 2005

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been furnished to the below counsel via overnight delivery on this 24th day of February, 2005:

Evans J. Carter, Esq.
Hargraves, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

/s/ Lawrence R. Kulig
Lawrence R. Kulig