UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 04-11956-RWZ |

### DEFENDANTS' OBJECTION AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

The defendants, PCFS Mortgage Resources Division Of Provident Bank and Provident Financial Group, Inc. (collectively "Provident"), pursuant to Fed. R. Civ. P. 56, hereby object to and oppose the cross-motion of the plaintiff, Ronald J. Pomykala ("Pomykala"), for partial summary judgment.

For the reasons set forth herein, Pomykala's motion must be denied.[1]

This opposition is supported by the supplemental affidavit of Stephen Gabbard.

### ARGUMENT

I.     PLAINTIFF'S CLAIM ARISING FROM THE $78.00 FEE IS PRECLUDED BY THE ONE YEAR STATUTE OF LIMITATIONS UNDER RESPA.

Pomykala, in his First Amended Complaint and Cross-Motion for Summary Judgment now asserts (for the first time) that the $78.00 fee he was charged at the original closing for a

---

[1] Provident submits that, in addition to denying Pomykala's motion, the court should allow Provident's motion for summary judgment (which is pending before the court), together with Provident's Rule 11 Motion for Sanctions. As stated more fully herein, as well as in Provident's memorandum in support of its motion for summary judgment, Provident submits that the majority, if not all, of the claims asserted in this action had no legal or factual basis and could not have been advanced in good faith.

# 2631574_v1

"tax service fee" was an illegal fee and violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2607.

However, Pomykala's claim is barred by the statute of limitations since it arose from the original loan closing which occurred on January 6, 2003. With respect to the statute of limitations, RESPA provides:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and <u>1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation</u>, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

12 U.S.C. §2614.

Therefore, Pomykala's claim with respect to the $78.00 fee arose or occurred on January 6, 2003 (the date of the original loan closing) and was subject to a one year limitation period. Because this action was not filed until July, 2004, that claim (as well as any other claims arising from the January 6, 2003 closing) are barred by the statute of limitations as a matter of law. Moreover, Pomykala cannot allege he did not have notice of the "claim" since he attended the closing and signed the Settlement Statement which references the $78.00 fee.[2]  See <u>Snow v. First American Title Ins. Co.</u>, 332 F.3d 356 (5th Cir. 2003) (summary judgment affirmed dismissing class action RESPA claims arising from closing which occurred 3 years prior to commencement of action); <u>Hardin v. City Title & Escrow Co.</u>, 797 F.2d 1037 (D.C. Cir. 1986) (claim arising from title insurance fees charged at closing subject to one year limitations period).[3]

---

[2] A copy of the Settlement Statement is attached as Exhibit A to the affidavit of Ronald Pomykala.
[3] In addition, the $78.00 fee does not violate RESPA since it is for legitimate services provided by a third party vendor to determine the status or existence of outstanding taxes or liens against the property. There is no prohibition under RESPA for "the payment to any person of compensation . . . for services actually performed." 12 U.S.C. §2607(c)(2).

II. **DEFENDANTS' RESPONDED TO ALL "QUALIFIED WRITTEN REQUESTS" UNDER RESPA AND ARE ENTITLED TO SUMMARY JUDGMENT.**

As set forth in Provident's memorandum in support of its motion for summary judgment, upon receipt of a "qualified written request" under RESPA, a servicer of a mortgage loan has an obligation to (i) acknowledge receipt of the request within 20 days, and (ii) respond to the request within 60 days (including making any appropriate corrections to the borrower's account, if necessary). 12 U.S.C. §2605(e)(1)(A) and (2).

In his cross-motion for summary judgment, Pomykala now alleges (again, for the first time) that Provident failed to comply with RESPA because it failed to respond to his "second amended demand letter dated February 27, 2004", which included a demand for a full and complete accounting.

Pomykala, however, is factually wrong since he ignores and fails to inform this court of the correspondence both he and his counsel received from Provident, which included the following "accountings":

(i) a payoff letter, dated February 6, 2004, sent by Provident to Pomykala which set forth an accounting of the balance due to pay off the loan on February 16, 2004 (the projected payoff date) - - which also included an accounting of the prepayment penalty (copy attached as Exhibit A to Supplemental Affidavit of Stephen Gabbard);

(ii) a letter dated March 5, 2004, from Provident's counsel, Caroline Gilroy-Brown, to Attorney Carter in response to his letter/demand dated February 27, 2004 (copy attached as Exhibit B to Supplement Affidavit of Stephen Gabbard).

Moreover, because Attorney Carter's second amended demand letter dated February 27, 2004 did not add any new information that had not already been considered by Provident and

responded to, Ms. Gilroy-Brown's letter of March 5, 2004 properly referred Carter back to her original letter of February 11, 2004 - - which provides a complete month-by-month accounting of the loan. (A copy of Ms. Gilroy-Brown's February 11, 2004 letter is attached as Exhibit C to the Affidavit of Evans Carter).[4]

Therefore, Provident at all times complied with the terms and spirit of RESPA (and no correction to the borrower/Pomykala's account was necessary because he had not been charged any improper fees). Provident responded to all written requests well with 60 days (and it responded to Attorney Carter's second amended demand letter within 7 days) and it provided Pomykala and his counsel with repeated accountings of the loan. Notwithstanding Pomykala's and his counsel's attempt to now suggest that Provident ignored the request for an accounting, in fact, Provident had provided Pomykala and his counsel with accountings both in the payoff letter and Ms. Gilroy-Brown's detailed monthly summary of the loan.

III.   DEFENDANT'S CROSS MOTION MUST BE DENIED, AND PROVIDENT IS ITSELF ENTITLED TO SUMMARY JUDGMENT.

The final claim which Pomykala raises yet again in his cross-motion is that Provident "delayed posting of mortgage payments". Pomykala, however, fails to show in any way (i) what is illegal or improper regarding such delay (assuming it was true) and (ii) how Pomykala was damaged by such delay. Pomykala first raised this nebulous claim at the scheduling conference in November, 2004, and the court correctly suggested then that the plaintiff would not have a claim if he was unable to prove that he had suffered any damages by this allegedly illegal practice.

---

[4] Moreover, it is questionable whether RESPA ever applied to the second amended demand letter which Attorney Carter sent on February 27, 2004 - - because the loan had been paid off on February 19, 2004 -- and, therefore, Provident was no longer "servicing" Pomykala's mortgage loan. The "qualified written request" provisions only apply to a servicer servicing an existing mortgage.

In Provident's pending motion for summary judgment, it demonstrates as a matter of law that Pomykala never suffered any damages as a result of any "delay" in posting payments. As recited in the affidavit of Tammy Cole, Provident never assessed any late charges, nor penalties, against Pomykala. Therefore, even if there were a delay in Provident's posting of mortgage payments, Pomykala has still failed to show how he was damaged thereby. Pomykala's cross-motion is therefore deficient as a matter of law and must be denied; Provident is entitled to summary judgment with respect to this claim.

Moreover, a review of the procedural history of this case confirms that it should have been voluntarily dismissed following the court's scheduling conference in November, 2004. Instead, Pomykala has repeatedly asserted baseless claims (trying to find a viable claim that he could leverage into a "class action" for purposes of settlement):

(i) in his original complaint, Pomykala claimed that he was somehow damaged by Provident's delay in posting mortgage payments - - however, to date, he has still failed to show how he has been damaged by this alleged practice;

(ii) therefore, in his amended complaint, Pomykala claimed that Provident improperly charged him a prepayment penalty and incorrectly assessed him excessive payoff fees including overcharging him daily interest - - however, Provident demonstrated that the prepayment fee was valid and that Pomykala's counsel at the refinancing paid Provident only the correct fees and interest which were due (in fact, as set forth in Provident's Rule 11 motion, a simple review of the settlement statement from the refinancing would have shown that Pomykala did not overpay Provident

more interest than was due at the time of paying off the loan- directly refuting the allegations in the amended complaint);

(iii) most recently, in his cross-motion for summary judgment, Pomykala now claims that the $78.00 tax service fee from the original closing violated RESPA; however, once again, Pomykala's claim fails as a matter of law since any claim from the original closing is barred by the RESPA one year statute of limitations.

In summary, each of Pomykala's claims was factually or legally deficient. Despite repeatedly changing the theory of his case, Pomykala over the past four months has still failed to show any meritorious claim.

Provident is therefore, entitled to summary judgment dismissing Pomykala's claims.[5]

---

[5] In addition, Provident's Rule 11 motion must be allowed. Each of Pomykala's claims has failed as a matter of law because they either (i) had no factual basis whatsoever (and in many instances were contradicted and negated by Pomykala's own documents) or (ii) failed to state a claim, or were barred, under well established existing law. Simply stated, this court at the November, 2004 scheduling conference allowed Pomykala and his counsel an opportunity to dismiss their case, which they should have done, rather than risk being sanctioned. Pomykala has violated Rule 11 since many of his allegations do not have evidentiary support, or the claims were not warranted or were barred by existing law. Fed.R.Civ.P. 11(b)(2), (3).

PCFS MORTGAGE RESOURCES, DIVISION OF
PROVIDENT BANK and PROVIDENT
FINANCIAL GROUP, INC.

By their attorneys,

HOLLAND & KNIGHT LLP

_____
Lawrence R. Kulig (BBO No. 544656)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Date: February 2̶4̶, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to the below counsel via overnight delivery on this 24th day of February, 2005:

> Evans J. Carter, Esq.
> Hargraves, Karb, Wilcox & Galvani, LLP
> 550 Cochituate Road
> P.O. Box 966
> Framingham, MA 01701-0966

_____
Lawrence R. Kulig