UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br><br>Plaintiff,<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-11956-RWZ |

### AFFIDAVIT OF LAWRENCE R. KULIG, ESQ.

Lawrence R. Kulig, under oath, deposes and says as follows:

1.      I am counsel to the defendants, PCFS Mortgage Resources Division of Provident Bank and Provident Financial Group, Inc. (collectively "Provident"), in the above action and am submitting this affidavit in support of the Defendants' Motion Pursuant to Rule 11 for Sanctions. The statements contained herein are made upon personal knowledge.

2.      As set forth herein in detail, I respectfully submit that Pomykala and his counsel have violated Rule 11 of the Federal Rules of Civil Procedure in their filing the First Amended Complaint in this action because (i) plaintiff was previously advised that certain of the counts have no basis under well established existing statutory law and (ii) the other remaining claims/counts are based on allegations which have no factual evidentiary support (and, in many instances, are inconsistent with and contradicted by exhibits attached by the plaintiff to the First Amended Complaint).

3.      More specifically, I attended the Scheduling Conference held on November 16, 2004. During that conference, Pomykala's counsel claimed that Provident wrongfully failed to

# 2540730_v1

credit payments made by Pomykala on the date received. In response, I noted that Provident's loan history showed that (i) it properly applied all payments received by Pomykala against the outstanding loan balance, and (ii) it never charged or assessed Pomykala any late fee (regardless of when the payment was received and/or posted to the account). The court itself questioned how Pomykala could have been injured by the alleged practice of Provident's failing to post payments on the date received -- if it never assessed or charged the borrower a late fee. Pomykala's counsel was unable to provide a satisfactory response. In addition, I noted that certain of the counts in the original Complaint -- the alleged violation of the Fair Debt Collection Practices Act ("FDCPA") -- were not applicable as a matter of law because the mortgage loan was not in default at the time Provident commenced servicing it (nor has it ever been declared in default). I advised the Court and counsel further that Provident was prepared to immediately file a motion for summary judgment because it believed the claims had no merit and Pomykala had suffered no loss or injury as a result of any alleged "delays".

    4.    As a result of the conference, the court issued a scheduling order as follows:

    (i)    Provident to file its automatic discovery disclosure on or before December 10, 2004;

    (ii)    Plaintiff to inform Provident by January 15, 2005 whether it will dismiss its suit or go forward; and

    (iii)    Provident to file its motion for summary judgment (if necessary) by February 1, 2005.

A copy of the court's scheduling order is attached as Exhibit A.

    5.    In accordance with the scheduling order, on December 3, 2004, I served Defendants' Automatic Required Disclosure upon plaintiff's counsel. The Disclosure included Provident's Loan History Summary which demonstrated that Pomykala was never charged any late fees (regardless of when the payment was received), thus negating his claim that he was

somehow injured by Provident's delay in failing to post payments on the date received. A copy of the Defendants' Disclosure, including the Loan History Summary, is attached as Exhibit B.

6. On December 9, 2004, I received a fax from plaintiff's counsel claiming that Provident improperly charged a prepayment penalty equal to three months interest ($8,460.04) and that the mortgage note allowed the borrower the right to prepay the note without any prepayment charge. A copy of the fax is attached as Exhibit C.

7. In response, on December 16, 2004, I forwarded to plaintiff's counsel a copy of the Prepayment Rider, which Pomykala had executed, and which modified the terms of the note to allow for the three months prepayment premium. A copy of my fax is attached as Exhibit D.

8. Thereafter, in a fax dated January 7, 2005, plaintiff's counsel identified a litany of problems or claims arising from the loan history statement including:

   (i) that Pomykala allegedly paid interest in advance of $467.90 (per the 2003 Settlement Statement);

   (ii) that PCFS received a payoff of $461,929.73 in 2004 and failed to refund interest to Pomykala;

   (iii) that Pomykala was charged a tax service fee in 2003 but no real estate tax escrow account was established;

   (iv) that Pomykala was improperly charged various fees for telefaxes and releases in connection with his refinancing in 2004.

(These allegations would later be inserted verbatim as paragraphs 17-22 of the First Amended Complaint). A copy of the fax is attached as Exhibit E.

9. In response, on January 13, 2005, I faxed a letter to plaintiff's counsel responding to the allegations he most recently raised. In particular, I noted that:

   (i) he misread his own client's 2003 Settlement Statement and the $467.90 was not interest paid by Pomykala, but rather a credit he received;

    (ii)    PCFS only received and properly applied monies it was due from the refinancing in 2004 and returned the excess $92.62 to his client;

    (iii)    the $78 tax service fee had nothing to do with setting up an escrow account;

    (iv)    the various $15 fees were standard because Pomykala's refinancing attorney wanted the payoff documents faxed, rather than mailed, to him.

Lastly, I specifically noted that I did not believe that he could continue to advance these claims in good faith based on the documentation provided or available and that, unless the case was dismissed, Provident would file a motion for summary judgment as well as a motion for sanctions pursuant to Rule 11. A copy of my letter is attached as Exhibit F.

10. Thereafter, on January 14, 2005, plaintiff's counsel served a First Request for Production of Documents (which requests, inter alia, documents regarding Provident's servicing of mortgages across the "entire United States"), together with a short memo reciting "the critical issue in this case is your client's practice of not giving credits for payments received on the <u>date</u> received. Your client, today, has not addressed this issue." (I had thought this allegation was no longer an "issue," since the loan history summary had demonstrated that Pomykala had never been charged any late fees.) A copy of the fax is attached as Exhibit G.

11. I was also informed that on January 15, 2005, (the date by which Pomykala was to decide whether to voluntarily dismiss the case), Pomykala filed his First Amended Complaint, purporting to be a class action.

12. In approximately 20 years of practice, I have never previously filed a motion pursuant to Rule 11. I believe, however, that in this instance, both Provident and I have promptly responded to each inquiry from plaintiff and his counsel and that they could not, based

# 2540730_v1            4

on Provident's responses and the documentary evidence in plaintiff's possession, have a good faith basis for filing and proceeding with the claims set forth in the First Amended Complaint.

13. As noted in the affidavits and memorandum in support of Provident's motion for summary judgment filed with this court:

> (i) Plaintiff was informed at the scheduling conference that his FDCPA claim was inapplicable as a matter of law, yet he continues to pursue it;
>
> (ii) Plaintiff has still failed to show how he has been harmed by Provident's alleged failure not to post payments on the date received, since he was never charged a late fee (yet in Count VIII he seeks recovery for "late charges") ;
>
> (iii) Plaintiff continues to assert that somehow Provident illegally enforced the prepayment provision (although he was provided a copy of the prepayment rider which plaintiff signed); and
>
> (iv) Plaintiff has made factual allegations regarding alleged interest payments and payoffs which misrepresent the terms of, and are inconsistent with and contradicted by, the very exhibits attached to the First Amend Complaint (and, in particular, the plaintiff's own two Settlement Statements from 2003 and 2004).

14. I respectfully submit that the First Amended Complaint could not have been filed in good faith, and that Pomykala (who, apparently, has been a plaintiff in other class action lawsuits) and his counsel were provided the opportunity to dismiss the lawsuit, which they refused to do. In many of the faxes, plaintiff's counsel also made a demand for payment in settlement of the claims and threatened pursuing a class action. Provident has to date declined to make an offer because it genuinely believes it bent over backwards to accommodate the plaintiff (as detailed in the affidavit of Tammy Cole) and the claims alleged in the First Amended Complaint are wholly without merit (and certainly do not constitute the basis of a class action).

SIGNED UNDER THE PENALTIES OF PERJURY THIS 27th DAY OF JANUARY, 2005.

_____
Lawrence R. Kulig