# EXHIBIT F
*(Affidavit of Lawrence R. Kulig, Esq.)*

# Holland Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
www.hklaw.com

| **TO:** | | |
|---|---|---|
| Evans Carter | | (508) 875-7728 |
| NAME | COMPANY/FIRM | FAX NUMBER |

| CITY | STATE | (TELEPHONE NUMBER) |
|---|---|---|

| **FROM:** | | |
|---|---|---|
| Lawrence Kulig | (617) 854-1464 | 3 |
| NAME | TELEPHONE | TOTAL PAGES (Including Cover Sheet) |

| **FOR THE RECORD:** | | |
|---|---|---|
| DATE: January 13, 2005 | URGENCY: ☐ SUPER RUSH | ☐ RUSH ☐ REGULAR |
| FAXED BY: | FILE #: 568336-00014 | CLIENT NAME: |
| CONFIRMED: ☐ YES ☐ NO | NAME: | TIME: |

If you did not receive all of the pages or find that they are illegible, please call **617 523 2700**

**CONFIDENTIALITY NOTICE:** This facsimile, along with any documents, files, or attachments, may contain information that is confidential, privileged, or otherwise exempt from disclosure. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, printing, distribution or use of any information contained in or attached to this facsimile is **strictly prohibited**. If you have received this facsimile in error, please immediately notify us by facsimile or by telephone collect at the numbers stated above, and destroy the original facsimile and its attachments without reading, printing, or saving in any manner. Your cooperation is appreciated. Thank you.

## MESSAGE:

# Holland+Knight

Tel 617 523 2700
Fax 617 523 6850

Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
www.hklaw.com

January 13, 2005

**LAWRENCE R. KULIG**
617-854-1464
Internet Address: lrkulig@hklaw.com

Evans Carter, Esq.
Hargrove, Karb, Wilcox & Galvani, LLP
550 Cochituate Road
P.O. Box 966
Framingham, MA 01701-0966

      Re:    <u>Pomykala v. Provident Financial Group, Inc., et al.</u>
               U.S. District Court C.A. No. 04-11956 RWZ

Dear Evans:

      Recognizing that you are obligated to inform the court by the end of this week whether your client intends to proceed to pursue this action or whether, instead, you shall voluntarily dismiss it, this letter is in response to your fax of January 7, 2004. After having further reviewed the file and discussed the matter with PCFS' counsel, we respond to the issues raised in the numbered paragraphs in your letter as follows:

1. To date, we have provided you a loan summary and responded promptly to each of your inquiries for additional information. PCFS, therefore, believes that it has provided you a complete accounting.

2. With respect to the item on the Settlement Statement in the amount of $467.90, which you claim was interest paid in "advance" (and which you contend your client did not receive credit for), we disagree. While you only faxed the second page of the Settlement Statement, it appears from our reading of the Statement that the figure of $467.90 actually represented the interest for the period of January 1-6, 2003 prior to the closing, and credited to your client (which he did not pay). According to PCFS' records, all of your client's payments were properly credited to his account.

3. With respect to the payoff figure from February 2004 (which you implicitly suggest is inflated because it does not credit one additional monthly payment which you claim your client made), you keep ignoring the prepayment fee of $8,453 (which increased the payoff amount) which your client was required to pay pursuant to the terms of the Note (and which prepayment provision I previously faxed to you because you were relying upon the wrong document).

Evans Carter, Esq.
January 11, 2005
Page 2

    4.    The $78 tax service fee from the Settlement Statement we believe was paid to a third party in connection with the original loan closing and purchase of the house, and had nothing to do with establishing an escrow account for real estate taxes.

    5.    As noted previously, your client never paid an additional $467.90 of interest, not accounted for. Moreover, all of his monthly payments were properly applied against outstanding amounts due Further, PCFS—notwithstanding its right to do so—never charged your client a late fee.

    6.    The $15 fees which Mr. Pomykala incurred in connection with his refinancing and paying off the loan were standard fees charged by PCFS under the circumstances. Mr. Pomykala incurred these charges because he requested that the calculation of payoff figures be expedited and faxed to him -- which process is beyond the normal course and results in the added charge.

Based on the foregoing, PCFS rejects your demand. It has no basis in fact nor law. PCFS strongly believes it has done nothing wrong (in fact, it believes it bent over backwards to accommodate your client who refused to comply with the written instructions for forwarding monthly payments). Further, your assertion that Mr. Pomykala may seek to certify a class is viewed by PCFS as a baseless threat. Mr. Pomykala has no legitimate claim on his own, let alone does he represent a class.

To date, PCFS has responded promptly to each of your and your client's inquiries. PCFS therefore has satisfied its contractual and statutory obligations to your client. PCFS does not believe that your client can continue to advance these claims in good faith (either by way of the original complaint or your proposed amended complaint), in light of the documented evidence and information which we have to date provided to you. Therefore, in the event the action is not dismissed, and PCFS must incur additional fees and costs in defending this action by way of summary judgment or otherwise, it shall seriously consider its options for recovering such fees and costs including by way of counterclaim for, inter alia, frivolous abuse of process or pursuant to Rule 11.

                Very truly yours,

                HOLLAND & KNIGHT LLP

                Lawrence R. Kulig

LRK/jmc
# 2518088_v1