UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. POMYKALA, individually and on behalf of Class Members,<br>         Plaintiff<br><br>v.<br><br>PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,<br>         Defendants | Civil Action No. 04-11956 RWZ |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION PURSUANT TO RULE 11 FOR SANCTIONS AND
REPLY MEMORANDUM AS TO SUMMARY JUDGMENT MOTION**

  The gravamen of the defendants' motion is that the plaintiff has no justiciable claims (of any sort whatsoever) and that the complaint is totally devoid of any meritorious claims.

**ARGUMENT**

  The statute of limitations against "unearned fees" (12 U.S.C. § 2607) is one (1) year but the Mortgage Services Act limitation period is three (3) years.  However, an unearned fee RESPA-type violation can be the basis for a G.L. Chapter 93A, Section 9 (consumer) claim for which the statute of limitations is four (4) years.  Pursuant to Chapter 93A, consumer regulations, a violation of law can be a violation of G.L. Chapter 93A (940 C.M.R. 3.16(3)).  It is submitted that under G.L. Chapter 93A, Section 9, the plaintiff has pled such a cause of action.

  On January 12, 2004, a so-called M.G.L. Chapter 93A claim demand letter was sent to the defendants (which can and should be viewed as a "Qualified Written Request" under RESPA, and on February 11, 2004, defendants' counsel responded while the mortgage loan was still in full force and effect.  On February 27, 2004, a full and complete accounting was sought, in writing, which is another Qualified Written Request

Some of the information supplied by the defendants' attorney was wrong, as can be seen from Mr. Pomykala's Affidavit submitted in support of his Motion for Summary Judgment and as shown in the response letter of February 27, 2004.

Query, if the defendants really felt that their loan history summary is a full and complete accounting, then why did they fail to provide a copy to the plaintiff in or within sixty (60) days of the demand, as required by law. No statement was provided that, for example, gave the monthly principal balances of the loan.

Even though late charges were waived and, arguably, the plaintiff has incurred no damages, under G.L. Chapter 93A, the failure to deposit and/or credit monthly mortgage payments received before 12:00 p.m. on that date and if received after 12:00 p.m., then on the next day, can be a violation. It is of some importance that to date, the defendants have still failed to provide the date when the monthly payments were actually received.

A critical factual issue in this case is whether Ms. Cole of the defendant instructed Mr. Pomykala to make payments at a specified address and if this caused the monthly payments to be untimely credited. Certainly, Ms. Cole should have informed Mr. Pomykala of this.

The $78.00 "tax service fee" (certification) is clearly an unearned and/or duplicative fee in Massachusetts, where a Certificate of Municipal Liens is obtained and paid for by the consumer and could be viewed by a court as being subject to criminal penalties as well as civil penalties under Section 8 of RESPA.

The Federal Trade Commission's "Holder Rule" subjects assignees to claims and defenses arising out of the $78.00 unearned charge. See, for example, Federal Trade Commission, Statement of Basis and Purpose, Trade Regulation Rule Concerning the Preservation of Consumers' Claims and Defenses, 40 Fed. Reg. 53523 (Nov. 18, 1975). The FTC Holder Rule places the assignee or

related lender in exactly the same shoes as the original mortgagee.

The question whether an assignee is liable for disclosure violations of which it has actual knowledge but which are not apparent on the face of the documents is particularly relevant to cases involving hidden charges. It is clear that assignees are liable for hidden charges that are detectable when other assigned documents such as the note, security agreement, and RESPA statement are compared to the disclosure statement. 15 U.S.C. § 164(a), (e)(2). See Hunter v. Richmond Equity Corp., Clearinghouse No. 43,060 (N.D. Ala. November 23, 1987).

Where the borrower alleged that the mortgage lender charged for services not actually performed or that were no necessary, RESPA violations have been found. See, for example, Willis v. Quality Mortgage USA, Inc., 5 F.Supp. 2d 1306 (M.D. Ala. 1998) (the fees at issue were a review of appraisal fee of $250, a document preparation fee of $200, and a tax service contract fee of $87).

It is submitted that the plaintiff that has a justiciable G.L. Chapter 93A claim and, accordingly, there can be no Rule 11 sanctions. Based on Mr. Pomykala's Affidavit, it is clear that the defendants are being disingenuous in their Affidavits as, for example, no statement was made by Ms. Cole that she had instructed Mr. Pomykala to make his payments to a specific address.

        Respectfully submitted,

        RONALD J. POMYKALA,, Plaintiff
        By his Attorney

        /s/ Evans J. Carter
        Evans J. Carter, Esq. (BBO # 076560)
        Hargraves, Karb, Wilcox & Galvani, LLP
        550 Cochituate Road - Post Office Box 966
        Framingham, MA  01701-0966
DATED;  March 7, 2005        (508) 620-0140