UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11956-RWZ

RONALD J. POMYKALA

v.

PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK
and PROVIDENT FINANCIAL GROUP, INC.

MEMORANDUM OF DECISION

September 1, 2005

ZOBEL, D.J.

On January 6, 2003, plaintiff Ronald Pomykala bought a house in Plymouth, Massachusetts. New Century Mortgage Corporation gave him a mortgage loan, which had an adjustable interest rate and a prepayment rider that imposed a fee if the loan was paid off within the first two years. In March 2003, the loan was assigned to a third party and serviced by PCFS Mortgage Resources, a division of Provident Bank, which is a subsidiary of Provident Financial Group, Inc. ("defendants"). The parties disagree as to the timing and nature of the problems that arose thereafter concerning plaintiff's monthly payments.

Plaintiff contends that there was an immediate and consistent delay between the time the payment was sent in and the time it was posted. In September 2003, plaintiff spoke to Tammy Cole, defendants' collections supervisor, who informed him that they were having problems with misplaced checks and advised him to send his payments to Atlanta by certified mail. Plaintiff did so, but the problems continued. He spoke to

Ms. Cole again, who advised him to take his loan to another bank and that they would waive the prepayment penalty. Even after Ms. Cole later told him that her supervisor refused to waive the prepayment charges, plaintiff felt that he had no choice but to refinance his mortgage loan with another bank. In February 2004, he paid off the loan he had with defendants, which included a prepayment penalty of $8,453.21 and $45.00 in fees. He told them that he was paying these charges and fees under protest since it was their terrible servicing that forced him to refinance.

In contrast, defendants assert that plaintiff's payments for the first five months went smoothly. However, in September 2003, plaintiff inexplicably began to send in his payments close to the end of the 15-day grace period via certified mail either to defendants' post office box or their servicing center in Atlanta. According to the defendants, payments that are not sent by regular mail to the lockbox address cause processing issues. Therefore, plaintiff caused his own problems.

Plaintiff filed a Complaint in state court, which defendants removed to this Court. Plaintiff's Amended Complaint[1] alleges the following counts: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., (2) violation of the Fair Debt Collection Protection Act ("FDCPA"), 15 U.S.C. § 1692 et seq., (3) credit defamation, (4) breach of contract, (5) breach of covenant of good faith and fair dealing, (6) unjust enrichment, (7) negligence, (8) intentional

---

[1] Although the Court has not yet ruled on the motion for leave to file an amended complaint, both parties proceeded on the assumption that it had been allowed. Accordingly, this opinion proceeds on the same assumption and, in any event, the motion to amend is now allowed.

2

misrepresentation/common law fraud, (9) disgorgement of wrongful profits and for accounting, and (10) unfair trade practices in violation of Chapter 93A of the Massachusetts General Laws.  Plaintiff also seeks class certification.  Defendants move for summary judgment on all counts.  Plaintiff moves for partial summary judgment on Counts One and Ten.

Count One of plaintiff's Amended Complaint generally alleges that defendants breached the "provisions of 12 U.S.C. §§ 22601-17 (RESPA) and Regulation X, 24 CFR Part 3500 (mortgage servicing) . . . ."  Amended Compl. at ¶ 25.  In his opposition papers, plaintiff asserts, without explanation, that the $78.00 tax service fee that he was apparently charged at the time the loan was closed, is a violation of RESPA.  He then refers to his own summary judgment motion, which provides no clarification.  Because, as pointed out by defendants, plaintiff does not explain how this fee violated RESPA nor the specific provision violated, this claim cannot be maintained.

In Count Two, plaintiff alleges that defendants violated the FDCPA.  Defendants counter that the FDCPA does not apply here because when they assumed the servicing of the debt, it was not in default.  The FDCPA prohibits debt collectors from making "false, deceptive or misleading representation[s] . . . in connection with the collection of any debt."  Brady v. Credit Recovery Co., Inc., 160 F.3d 64, 65 (1st Cir. 1998).  In defining the term "debt collector," the Act excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F)(iii).  Given that there is no dispute that the debt

at issue was not in default at the time defendants undertook its servicing, the FDCPA does not apply and therefore, defendants' motion as to Count Two is allowed.

Count Three alleges that defendants "wrongfully adversely affected, defamed and damaged the plaintiff's credit rating and standing[.]" Amended Compl. at ¶ 29. Assuming that credit defamation is a cause of action, nowhere in any of his papers does plaintiff state that his credit rating was damaged as a result of defendants' conduct. Plaintiff's contention that he felt that he had to refinance the loan because "[o]therwise, my credit rating would be hurt and I could face foreclosure[,]" is insufficient. Pl.'s Aff. at § 23. Summary judgment as to Count Three is allowed.

Defendants argue that Counts Four (breach of contract), Five (breach of covenant of good faith and fair dealing), Six (unjust enrichment) and Nine (disgorgement of wrongful profits) cannot be sustained because plaintiff cannot prove that he performed his obligations, that defendants committed a substantial breach of its obligations, and that he suffered damages. Because the parties dispute the facts surrounding plaintiff's method of payment and the defendants' actions, the motion as to these counts is denied.

Defendants assert that Counts Seven (negligence) and Eight (intentional misrepresentation) must fail because plaintiff cannot show damages since no late fees or any other additional fees were assessed to his account. However, plaintiff contends because defendants managed his debt so poorly, he was forced to obtain a new loan. In doing so, he claims that he incurred the following damages: $8,453.21 as a

prepayment penalty, $45.00 in payoff related fees, and $20,504.24 in settlement charges for the new loan. Pl.'s Aff. at ¶ 31. At this time, Counts Seven and Eight survive.

Finally, Count Ten alleges that defendants engaged in unfair trade practices in violation of Chapter 93A. Because the parties dispute the facts concerning defendants' conduct, Count Ten remains.

Accordingly, defendants' motion for summary judgment is allowed as to Counts One, Two, and Three and denied as to Counts Four through Ten; plaintiff's motion for partial summary judgment as to Counts One and Ten is denied.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |