UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD J. POMYKALA, individually and on behalf of Class Members,

    Plaintiff,

v.

PCFS MORTGAGE RESOURCES DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.,

    Defendants.

CIVIL ACTION NO. 04-11956-RWZ

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The defendants, PCFS Mortgage Resources Division of Provident Bank and Provident Financial Group, Inc. (collectively "Provident"), hereby answer the first amended complaint of the plaintiff, Ronald J. Pomykala ("Pomykala"), as follows:

Introduction

1.    No response is required to paragraph 1. To the extent a response is required, Provident denies the allegations contained therein.

2.    Provident admits the allegations contained in paragraph 2.

3.    Provident admits the allegations contained in paragraph 3.

4.    Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.    Provident admits the allegations contained in paragraph 5, except with respect to whether it comes within the purview of GL c. 93A, which is a question of law.

6.    Provident admits the allegations contained in paragraph 6, except with respect to whether it comes within the purview of GL c. 93A, which is a question of law.

# 2322826_v1

7. Provident admits the allegations contained in paragraph 7.

8. Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Provident admits the allegations contained in paragraph 9, except with respect to the assignment.

10. Provident admits the allegations contained in paragraph 10, except with respect to when it applied the payment. Provident states further that Pomykala failed to remit his mortgage payments in compliance with the manner and terms of payment set forth in the loan documents and related notices. In addition, Provident states that Pomykala was never charged any late fees irregardless of when the payment was received and/or applied.

11. Provident denies the allegations contained in paragraph 11.

12. Provident denies the allegations contained in paragraph 12.

13. Provident denies the allegations contained in paragraph 13. Provident states further that any delays were caused by Pomykala's refusal and failure to remit his mortgage payments in compliance with the manner and terms of payment set forth in the loan documents and related notices. In addition, Provident waived any late fees or other penalties, notwithstanding its right to collect the same because of Pomykala's omissions.

14. Provident denies the allegations contained in paragraph 14. Provident states further that the payments for December, 2003 and January, 2004 were received and properly credited to Pomykala's account, and no late fees or other penalties were charged.

15. Provident denies the allegations contained in paragraph 15. Provident states further that all payments received from Pomykala were properly credited to his account, and no late fees or other penalties were charged.

16. Provident denies the allegations contained in paragraph 16. Provident states further that it provided Pomykala with accountings and current loan information which he requested in connection with his refinancing.

17. Provident denies the allegations contained in paragraph 17, and notes that Pomykala was properly credited with all payments, including interest.

18. Provident denies the allegations contained in paragraph 18.

19. Provident denies the allegations contained in paragraph 19. Provident states further that it, at all times, complied with its obligations under the terms of the loan documents, notwithstanding Pomykala's refusal and failure to similarly comply.

20. Provident denies the allegations contained in paragraph 20.

21. Provident denies the allegations contained in paragraph 21. Any fees charged and collected were authorized and standard for the services provided.

22. Provident denies the allegations contained in paragraph 22.

22. Provident denies the allegations contained in paragraph 22 (which paragraph has been misnumbered).

23. Provident admits the allegations contained in paragraph 23, and states further that it was not obligated to waive the prepayment penalty where Pomykala voluntarily chose to refinance with another lender.

24. Provident denies the allegations contained in paragraph 24, except that it admits that Pomykala paid off the loan under protest.

## Count I

25. Provident incorporates by reference its answers to paragraphs 1 through 24 and denies the allegations contained in paragraph 25.

### Count II

a.  Provident incorporates by reference its answers to paragraphs 1 through 26 and denies the allegations contained in paragraph 27.

b.  Provident denies the allegations contained in paragraph 28.

### Count III

c.  Provident incorporates by reference its answers to paragraphs 1 through 28 and denies the allegations contained in paragraph 29.

### Count IV

d.  Provident incorporates by reference its answers to paragraphs 1 through 29 and denies the allegations contained in paragraph 30.

### Count V

e.  Provident incorporates by reference its answers to paragraphs 1 through 30 and denies the allegations contained in paragraph 31.

### Count VI

f.  Provident incorporates by reference its answers to paragraphs 1 through 31 and denies the allegations contained in paragraph 32.

g.  Provident denies the allegations contained in paragraph 33.

### Count VII

h.  Provident incorporates by reference its answers to paragraphs 1 through 33 and denies the allegations contained in paragraph 34.

i.  Provident denies the allegations contained in paragraph 35.

### Count VIII

j.  Provident incorporates by reference its answers to paragraphs 1 through 35 and denies the allegations contained in paragraph 36.

# 2322826_v1

k. Provident denies the allegations contained in paragraph 37.

l. Provident denies the allegations contained in paragraph 38.

m. Provident denies the allegations contained in paragraph 39.

n. Provident denies the allegations contained in paragraph 40.

o. Provident denies the allegations contained in paragraph 41.

p. Provident denies the allegations contained in paragraph 42.

## Count IX

q. Provident incorporates by reference its answers to paragraphs 1 through 42 and denies the allegations contained in paragraph 43.

r. Provident denies the allegations contained in paragraph 44.

s. Provident denies the allegations contained in paragraph 45.

t. Provident denies the allegations contained in paragraph 46.

## Count X

u. Provident incorporates by reference its answers to paragraphs 1 through 46 and denies the allegations contained in paragraph 47.

v. Provident denies the allegations contained in paragraph 48.

w. Provident denies the allegations contained in paragraph 49, insofar as they state a conclusion of law.

x. Provident admits the allegations contained in paragraph 50.

y. Provident admits the allegations contained in paragraph 51.

z. Provident admits the allegations contained in paragraph 52.

aa. Provident admits the allegations contained in paragraph 53.

bb. Provident denies the allegations contained in paragraph 54.

Count XI

cc. Provident incorporates by reference its answers to paragraphs 1 through 54 and denies the allegations contained in paragraph 55.

dd. Provident denies the allegations contained in paragraph 56.

ee. Provident denies the allegations contained in paragraph 57.

ff. Provident denies the allegations contained in paragraph 58.

gg. Provident denies the allegations contained in paragraph 59.

hh. Provident denies the allegations contained in paragraph 60.

ii. Provident denies the allegations contained in paragraph 61.

jj. Provident denies the allegations contained in paragraph 62.

kk. Provident denies the allegations contained in paragraph 63.

ll. Provident denies the allegations contained in paragraph 64.

Affirmative Defenses

As and for a complete and separate defense, Provident states as follows:

1. The first amended complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. The plaintiff has failed to satisfy the statutory elements for recovery under 12 U.S.C. §§22601 et seq. (RESPA) and its related regulations.

3. The plaintiff has failed to satisfy the statutory elements for recovery under 15 U.S.C. §1692 et seq. (Fair Debt Collection Practices Act).

4. The plaintiff has failed to demonstrate any actual damages and therefore is barred from recovery on all of its claims.

5. The plaintiff, by his conduct and omissions, breached the terms of the parties' agreement and is thereby barred from recovery thereunder.

6. The plaintiff, by his conduct and actions, is estopped from any recovery.

7. Any statements or representations made by Provident were truthful and made in good faith and not defamatory.

8. Provident did not owe a fiduciary duty to the plaintiff.

9. Any damages suffered by the plaintiff were caused by his own actions and omissions.

10. The plaintiff was negligent, which negligence bars or reduces any recovery in this action.

11. The plaintiff has failed to satisfy the statutory elements for recovery under Mass. G.L. c. 93A.

12. The plaintiff fails to satisfy the elements under Fed. R. Civ. P. 23 to certify a class and act as class representative.

13. The plaintiff cannot demonstrate any reasonable reliance.

14. The plaintiff's claims are without factual or legal bases and cannot be advanced in good faith under Fed. R. Civ. P. 11.

WHEREFORE, the defendants respectfully request that the first amended complaint be dismissed and they recover their costs in defending this action.

> PCFS MORTGAGE RESOURCES, DIVISION OF PROVIDENT BANK and PROVIDENT FINANCIAL GROUP, INC.
>
> By their attorneys,
>
> Lawrence R. Kulig
> Lawrence R. Kulig (BBO No. 544656)
> Holland & Knight LLP
> 10 St. James Avenue
> Boston, MA 02116

Dated: September __, 2005

# 2322826_v1

Case 1:04-cv-11956-RWZ   Document 37-3   Filed 09/23/2005   Page 8 of 8

# 2322826_v1                                8